# State, *ex rel.* Jernigan v. Ham.

## *Motion to Quash Execution.*

(Decided June 30, 1915.　69 South. 253.) ·

1. *Judgment; Issuance; Revivor; Amendment.*—The amendment of a judgment nunc pro tunc is not a revivor of the judgment within the provisions of section 4148, Code 1907, since a nunc pro tunc entry is one made then of something that was actually done before, to take effect as of the former date, the same as if it had been entered, except as against rights of third parties.

2. *Execution; Motion to Quash; Issue.*—One moving to quash an execution because of its having been issued more than a year after the rendition of the judgment, without a revivor, has the burden of showing that the judgment was not recorded within a year after its rendition, an exception being made in such case by section 4148, Code 1907.

3. *Same; Wrong Reason.*—Where the court properly denied the motion to quash the execution, the fact that the court placed its reasons for such denial on a wrong ground, does not require a reversal of the judgment.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Mandamus by the State on the relation of Joe Jernigan against J. N. Ham to require him to enter a motion quashing an execution. From a judgment denying the writ, relator appeals. Affirmed.

J. A. CARNLEY, for appellant.

RILEY & CARMICHAEL, for appellee.

THOMAS, J.—(1, 2) The appeal is prosecuted from the judgment of the lower court denying a petition or motion to quash an execution. The only insistence here is that the motion or petition should have been granted on that ground thereof which alleged that the execution was issued more than 12 months after the rendition of the judgment and without any revivor of the judgment. Section 4148 of the Code provides that: "No execution shall issue on a judgment or decree of the circuit, chancery, or probate court, on which an execution has not been sued out within one year of its rendition, until the same has been revived by scire facias, unless the judgment has been recorded within twelve months from rendition," etc.

The evidence introduced by appellant on the hearing of the motion showed without dispute the following facts: That the judgment on which the execution sought to be quashed was issued was rendered in the circuit court of Coffee county on March 21, 1912; that thereafter, on September 19, 1913, before the issuance of any execution on it, the judgment was amended nunc pro tunc so as to make it correctly speak the judgment of the court so previously rendered on March 21, 1912; that on October 13, 1913, the execution here sought to be quashed was issued, and that it was the first execution ever issued upon the judgment, and which was issued, as seen from the dates given, more than 12

months after the rendition of the judgment; and that the judgment had never been revived, unless it can be said that the said amendment of the judgment nunc pro tunc amounted also to a revivor of the judgment. While we agree with appellant's counsel that this cannot be said, since a nunc pro tunc entry is one made now of something that was actually previously done and to have effect as of former date, except against the rights of third parties, the same as if it had been then entered (*Wilmerding v. Corbin Banking Co.,* 126 Ala. 268, 28 South. 640; *Glass v. Glass,* 24 Ala. 468; *Nabers v. Meredith,* 67 Ala. 333; 5 Words and Phrases, 4868), yet it does not follow from this holding that, as contended by appellant's counsel, the judgment of the lower court denying the petition here must necessarily be reversed. Such reversal would have followed if the appellant had proved on the trial of the motion that the judgment had not been recorded within 12 months from its rendition on March 21, 1912; but, in the absence, as here, of such proof, the court cannot be put in error for denying the motion, because, as we have seen from the statute quoted, if the judgment had been so recorded (and we must, for the want of proof to the contrary, presume it was), a valid execution could have issued on it, even after the lapse of a year from its rendition, although no execution was issued on it within a year after its rendition.—Code, §§ 4148, 4158.

It was incumbent on appellant, before he would be entitled to have the execution quashed under the averments of the petition that the execution was voidable, to prove the negative that the judgment had not been recorded.—*Western Union Tel. Co. v. Brazier,* 10 Ala. App. 308, 65 South. 95; *McDaniel v. Johnson,* 110 Ala. 526, 19 South. 35; *McClarin v. Anderson,* 104 Ala. 201, 16 South. 639.

(3) The fact that the court placed its denial of the motion on the wrong ground will not work a reversal where, as here, its conclusion was correct.

Affirmed.