(108 So. 760)

## JONES et al. v. JEFFERSON COUNTY.
### (6 Div. 545.)

(Supreme Court of Alabama. May 27, 1926.
Rehearing Denied June 17, 1926.)

1. **Appeal and error** ⬅️659(3)—**Certification of execution will not be required on certiorari by one appealing from judgment overruling motion to quash it because not issued until over year after judgment, without revivor by scire facias, in absence of showing that judgment was not recorded (Code 1923, §§ 7793, 7874, 7876).**

Certification of execution to Supreme Court will not be required on certiorari by one appealing from judgment overruling motion to quash it because not issued until over a year after judgment without revivor by scire facias under Code 1923, § 7793, in absence of showing that judgment was not recorded under section 7874, which would have served every purpose of scire facias under section 7876.

2. **Appeal and error** ⬅️544(1).

To review judgment overruling motion to quash execution, bill of exceptions must be reserved.

Certiorari to Circuit Court, Jefferson County, Bessemer Division.

Application of Leo Jones and others for certiorari to the circuit court of Jefferson county, Bessemer division. Writ denied.

Pinkney Scott, of Bessemer, for appellants.

Counsel argues that the execution should have been quashed, and cite Code 1923, § 7793.

Huey & Welch, of Bessemer, for appellee.

The burden was upon petitioner to show that the judgment was not recorded. Code 1907; § 4148; State ex rel. v. Ham, 13 Ala. App. 648, 69 So. 253. On motion to quash execution on ground of a dormant judgment, it will be presumed that a prior execution seasonably issued. McDaniel v. Johnston, 110 Ala. 526, 19 So. 35. Subsequent execution may be issued within 10 years. Code 1923, §§ 7862, 7863.

SAYRE, J. Appellants have taken an appeal from the judgment of the circuit court of Jefferson overruling their motion to quash an execution issued against them for the collection of costs in the case entitled as above. Pending the hearing of their appeal, appellants have made this motion for a writ of certiorari or other appropriate writ to require the clerk of the circuit to send up a certified copy of the execution against which their motion was directed, and the submission now is upon the motion made in this court for the writ to bring up the certified copy.

[1, 2] Conceding, but without deciding, that an execution in the hands of the sheriff is something more than a document, proof of which in the trial court would have called for an application of the rule requiring the best evidence, conceding, in other words, with the reservation heretofore expressed, that such an execution is a record (McDaniel v. Johnston, 110 Ala. 526, 19 So. 35; Ansley v. Carlos, 9 Ala. 973), it would be of no avail in this cause to require its certification to this court. The purpose and object of appellants' motion in the trial court was to show the invalidity of the execution because more than one year had elapsed between its issuance and the judgment in pursuance of which it was issued, without revivor by scire facias. Code, § 7793. But that fact would not have sufficed to establish the nullity of the execution. It would have been necessary for appellants to show that the judgment had not been recorded, and so that scire facias was necessary, for recordation of the judgment in pursuance of section 7874 of the Code would have served every purpose of a scire facias. Code, § 7876. This point is well argued by Thomas, J., in State ex rel. Jernigan v. Ham, 13 Ala. App. 648, 69 So. 253. In order to review the judgment against their motion to quash, a bill of exceptions should have been reserved, but no bill was reserved.

Application denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

———

(108 So. 761)

## Leo JONES v. JEFFERSON COUNTY.
### (6 Div. 544.)

(Supreme Court of Alabama. May 27, 1926.
Rehearing Denied June 17, 1926.)

Certiorari to Circuit Court, Jefferson County, Bessemer Division.

Pinkney Scott, of Bessemer, for appellant
Huey & Welch, of Bessemer, for appellee.

SAYRE, J. Application for certiorari denied on the authority of Jones v. Jefferson County (Ala. Sup. 6 Div. 545) ante, p. 19, 108 So. 760.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes