# Western U. T. Co. *v.* Brazier.

## *Failure to Deliver Telegram.*

(Decided February 12, 1914. Rehearing denied April 16, 1914. 65 South. 95.)

1. *Telegraphs and Telephones; Delay in Delivery; Plea.*—A plea as an answer to a complaint for delay in the delivery of telegram, which sets up that the contract for sending required a claim to be filed in writing within sixty days after the filing of the message, does not state a defense under section 4297, Code 1907.

2. *Same; Evidence; Special Plea.*—A failure by the addressee of a telegram to give the company notice of a claim for damages as required by the contract is not a matter entirely or peculiarly within the knowledge of the addressee, and the company relying upon such failure as a defense has the burden of proving that such notice was not given.

3. *Same; Notice.*—The evidence examined and held insufficient as a matter of law to show that no claim for damages had been filed with the company within sixty days as required by the contract.

4. *Same; Delay; Evidence.*—The evidence examined and held sufficient to warrant an inference by the jury that if the telegram had been promptly delivered the plaintiff would have attended the funeral.

5. *Appeal and Error; Waiver; Demurrer.*—Where a demurrer was overruled to a special plea, and plaintiff took issue on the plea, and did not take non suit with bill of exceptions, and bring the matter by appeal to this court, the rulings on demurrer will be considered waived and will not be considered on appeal from the judgment.

6. *Evidence; Burden of Proof; Facts Within Knowledge of Other Party.*—As a general rule the burden of proving a negative averment

[Western U. T. Co. v. Brazier.]

is on the party setting it up when the subject matter of such averment lies entirely or peculiarly within the knowledge of such party.

7. *Same; Negative Averment.*—Negative averments in pleading need not be proven in prosecutions for penalties provided by statute, or when the allegation involves a charge of fraud, a breach of official duty, or violation of a trust; other negative averments, however, upon which a claim or defense depends must be established by the one alleging them.

8. *Same; Burden of Proof; Shifting.*—Evidence merely tending to prove an issue, which falls short of reasonably satisfying the jury thereon, does not shift the burden, as the court has no right to assume the jury's belief of the testimony, although it is uncontradicted.

9. *Same; Weight and Sufficiency.*—In order to reach a verdict in a civil case the jury need only be reasonably satisfied of the facts, and may draw such inferences or deductions from the facts proven, as to them may seem fair, reasonable, and consistent with the other evidence.

10. *Charge of Court; Directing Verdict.*—Where the evidence is such as to afford a reasonable inference of the existence of any fact unfavorable to the rights of the party requesting it, the court cannot properly give the affirmative charge.

APPEAL from Shelby Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Jesse Brazier against the Western Union Telegraph Company, for damages for delay in delivery of a telegram. Judgment for plaintiff and defendant appeals. Affirmed.

GEORGE H. FEARONS, CAMPBELL & JOHNSTON, and BROWNE, LEEPER & KOENIG, for appellant. The reasonableness of the provision set out in plea 5, has been passed on affirmatively time and again by this court.— *Henderson v. W. U. T. Co.*, 89 Ala. 510; *Harris v. W. U. T. Co.*, 121 Ala. 519; *McGhee v. Wes. Union*, 53 South. 205. This plea was proven without dispute, and this entitled defendant to the affirmative charge. Defendant was entitled to the affirmative charge on the further ground that while there was evidence tending to show that plaintiff might have caught the train if the message had been promptly delivered, there was not

the slightest evidence or tendency of the evidence to the effect that he would have gone.—78 Am. St. Rep. 906; 80 S. W. 93; 41 S. W. 367; 84 S. W. 764; 51 S. E. 537. Where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by the other party, and hence, the court erred in refusing charges 20, 21 and 22.—*Edisto P. Co. v. Stanford,* 112 Ala. 493; *Brown v. Raisin F. Co.,* 124 Ala. 221; *Rogers v. Brooks,* 17 South. 97; *Rogers v. DeBardelaben,* 12 South. 81; 16 Cyc. 936. The laws do not prohibit the making and enforcing of the rule set up in plea 5.—*N. C. & St. L. v. Hinds,* 59 South. 669.

RIDDLE & BURT, and RIDDLE & ELLIS, for appellee. The provision that the company should not be liable where the claim was not presented in writing within sixty days, is not binding on anybody.—Sec. 4297, Code 1907; 59 South. 538; 59 South. 669.

PELHAM, J.—This action was to recover damages for the defendant telegraph company's negligent failure to deliver to plaintiff within a reasonable time a message, filed with the defendant's agent at Mobile, Ala., signed by plaintiff's brother, and addressed to the plaintiff at Montevallo, Ala., notifying him of the death at Mobile of his sister, and requesting that he "come at once." The claim for damages is based on the amount of toll paid and the mental pain, etc., suffered in being deprived of seeing his sister and being present at her funeral and burial. The defendant, besides a plea of the general issue, filed four special pleas, numbered 2, 3, 4, and 5, of which pleas Nos. 3 and 4 went out on the rulings on demurrers, as did the eight special replications to special pleas 2 and 5, and issue was joined on the

complaint and the issues tendered on defendant's pleas of the general issue and special pleas 2 and 5, after demurrers had been overruled to these pleas.

A discussion of plea No. 2 is unnecessary on the errors assigned. Plea No. 5 sets up the stipulation in the contract of transmission providing that the telegraph company shall not be liable where the claim for damages is not presented in writing within 60 days after filing of the message, and avers that such a claim was not presented within the time specified or suit instituted within that period. Under the rulings in the recent cases of *So. Ex. Co. v. Ruth & Son,* 5 Ala. App. 644, 59 South. 538, *N. C. & St. L. Ry. Co. v. Hinds,* 178 Ala. 657, 59 South. 669, and *N. C. & St. L. Ry. Co. v. Hinds,* 5 Ala. App. 596, 59 South. 670, construing and applying section 4297 of the Code, we do not think this fifth plea sets up a good defense to the action; but that matter is not before us, as the plaintiff, in whose favor the judgment was rendered, and who is the appellee here, when adverse ruling was made by the trial court on the demurrers directed against this plea, took issue on the plea and did not see fit, upon the adverse ruling's being made, to take a nonsuit with a bill of exceptions and bring the action of the trial court in this particular before us for review by this or any other method.

It is the appellant's contention here that, the allegations of the fifth plea having been proven, it was entitled to the general charge, and that the refusal of this charge is error that must reverse the judgment of the lower court. In this connection, it is urged that the defense set up in the fifth plea consists of a negative averment of a subject-matter that lies peculiarly within the knowledge of the plaintiff, and that the burden of proving the affirmative rests on him; or, at least, plenary proof not being required of a negative aver-

ment, that the proof made by the defendant to sustain this plea was sufficient to meet all requirements of proof resting on it and to shift the burden to the plaintiff.

It may be conceded as a general rule that, when the subject-matter of a negative averment lies entirely or peculiarly within the knowledge of the adverse party, the burden of proving the affirmative rests on him (*Farrall v. State*, 32 Ala. 557), and that negative averments in pleadings need not be proven in prosecutions for penalties provided by statute, or when the allegation involves a charge of fraud, a breach of official duty, or a violation of trust (*Rogers v. Brooks,* 105 Ala. 551, 17 South. 97); but just how far and to what extent a person asserting a claim or defense resting upon a negative allegation, who has the primary duty of producing some evidence to make or meet a prima facie case, may have the burden of proof—meaning the burden of evidence—cast upon him, must of necessity rest upon no fixed rule, but be determined with reference to the facts of the particular case. Unless falling within some exception to the rule, it is well settled that whoever grounds a claim or asserts a defense which depends upon a negative must, as in other cases, establish the truth of the asserveration by a preponderance of the evidence, and the one asserting such claim or defense is not relieved of the onus probandi merely by reason of the form of the allegation or the inconvenience of proving a negative.—Jones on Evidence, § 180. Where a negative is essential to the existence of a right, the party claiming the right has the burden of proving such negative.—*Freeman v. Blount,* 172 Ala. 655, 55 South. 293; *Boulden v. McIntire,* 119 Ind. 574, 21 N. E. 445, 12 Am. St. Rep. 453; *City of New Albany v. Endres,*

143 Ind. 192, 42 N. E. 683; *Carmel N. G. & I. Co. v. Small,* 150 Ind. 427, 47 N. E. 11, 50 N. E. 476.

By plea No. 5, the defendant set up a provision of the contract of transmission and delivery excusing or exempting it from liability. It was a condition in the contract restricting plaintiff's right and solely for the benefit of the defendant. The fact set up in the nature of a negative averment in this plea cannot be said to be entirely or peculiarly within the knowledge of the plaintiff. It must be as much within the knowledge of the defendant as the plaintiff as to whether or not the plaintiff has presented, and the defendant has received, the written notice or claim for damages. If the defendant, solely for its benefit, has had inserted in the contract a condition that is difficult of proof upon its part, the mere difficulty in discharging the burden of making proof should not displace it and shift it to the adverse party. "As a matter of principle, the difficulty only relieves the party having the burden of evidence from the necessity of creating positive conviction entirely by his own testimony."—16 Cyc. 937. The matter of defense set up in defendant's fifth plea does not fall under any exception to the general rule that "he who desires any court to give judgment as to any legal right or liability dependent on the existence or nonexistence of facts which he asserts or denies to exist must prove that those facts do or do not exist."—Stephen on Evidence, art. 93. Primarily the burden of proving this plea, setting up an exception or exemption to its liability under a condition of the special contract, was upon the defendant.—*Steele & Burgess v. Townsend,* 37 Ala. 247, 79 Am. Dec. 49; *L. & N. R. R. Co. v. Cowherd,* 120 Ala. 51, 23 South. 793, and authorities above cited.

Although it is the maxim of the law that all evidence is to be weighed according to the proof which it was in

the power of one side to produce and in the power of the other to contradict, it was nevertheless a question for the jury whether the evidence introduced in support of the plea generated a rational belief of the existence of the fact asserted by the plea, which primarily the burden was upon the defendant to establish. This seems to have been the view taken of the matter by the trial court, and the defendant had the full benefit of having the jury properly instructed on this issue, for set out in the transcript as a charge given at the request of the defendant is the following: "(b) I charge you, gentlemen of the jury, if you believe from the evidence that the complaint in this case was filed after the expiration of 60 days after the filing of said message sued on, and, further, that plaintiff failed to present defendant with a claim for damages in writing within 60 days after said message was filed with defendant for transmission and delivery, your verdict must be for the defendant." It was shown by the record that suit was not brought within 60 days from the filing of the message, and aside from this the only evidence offered in support of the plea (5) was by the agent of the defendant at the depot in Montevallo, who testified that no claim had been filed with him within the 60 days. The message was shown to have been filed with the defendant's agent at Mobile, Ala., and received by the joint agent of the railroad company and the defendant at the depot in Montevallo. It was further shown that this agent at the depot telephoned the message to some one in charge of the telephone at the Girls' Institute, a half mile or more distant from the depot, where the plaintiff was employed; and that the message was not delivered to plaintiff until after the unreasonable delay of three days.

It was shown that it was the defendant's regular custom and practice, and had been for a long time prior to this, to use the telephone line between the depot at Montevallo and the Girls' Institute for the purpose of telephoning messages intended for persons working or living at the institute. The agent of defendant at the depot would receive the message over the telegraph line and transmit or repeat it over the telephone to the operator or person in charge at the institute, who would take the message down in writing and deliver it to the person to whom addressed. It was not shown that the person who received and took down the message at the institute and subsequently delivered it had not received a written claim for damages within the 60 days, although he was examined as a witness on the trial; nor was it shown that the agent of the company at Mobile, Ala., with whom the message was filed for transmission, had not received such a written notice or claim. Neither was it shown that such a claim had not been presented within 60 days to some agent or officer of the company other than the agent at the depot in Montevallo, Ala., who, according to the evidence, neither received the message for transmission nor delivered it to the addressee, and no attempt is shown to have been made by the defendant to make proof of the plaintiff's failure to present a claim within the time by interrogatories to him under the statute (Code, §§ 4049, 4053). Under this state of the evidence, the court could not hold that the defendant's special plea No. 5 had been proven as a matter of law, and direct a verdict for the defendant. Evidence merely tending to prove an issue, which falls short of reasonably satisfying the jury thereof, does not shift the burden of proof (*B. M. R. R. Co. v. Wilmer*, 97 Ala. 165, 11 South. 886), and, the burden of proof being on the defendant, it could not be

said to appear from the evidence that no recovery could
be had by the plaintiff on any view the jury might rea-
sonably draw from the facts before them, and the court
should never direct the verdict when the evidence is
such as to afford a reasonable inference of the exist-
ence of any fact unfavorable to the right of the party
asking the affirmative charge to a verdict.—*M. J. & K.
C. Co. v. Bromberg,* 141 Ala. 258, 37 South. 395; *Bir-
mingham Ry. Co. v. Enslen,* 144 Ala. 343, 39 South. 74;
*McCormack v. Lowe,* 151 Ala. 313, 44 South. 47. The
court would have had no right to assume the jury's ab-
solute belief and acceptance of the testimony in sup-
port of the plea, although uncontradicted, as conclusive
proof of the allegations of this special plea, and direct
a verdict for defendant predicated on such assumption,
when an inference to the contrary could fairly and rea-
sonably be drawn from the evidence by the jury.—*So.
Ry. Co. v. Ellis,* 6 Ala. App. 441, 60 South. 407.

On the proposition that the defendant was entitled
to the general affirmative charge because of a fatal de-
ficiency in the evidence going to show that he would
have attended the funeral and burial of his sister if the
message had not been delayed in delivery, it is only nec-
essary to summarize and point out certain parts of the
evidence set out in the bill of exceptions to show that
there were sufficient facts before the jury from which
this conclusion might reasonably be drawn. It was
shown that the plaintiff knew his sister was dangerous-
ly ill in Mobile, in a hospital for the purpose of having
an operation performed, and that he had requested the
sender of the message, who lived in Mobile and was his
brother, to notify him by wire if his sister got worse or
died. The telegram sent in response to this request
of the plaintiff stated that the sister had died, and re-
quested plaintiff to "come at once." The evidence with-

out conflict showed that the telegram was filed in the defendant's Mobile office about 9 o'clock on Friday morning, September 29, 1911, with charges prepaid, and was not delivered until the following Monday morning, October 2, 1911, between 9 and 10 o'clock. It was also shown by undisputed evidence that the plaintiff had the means to attend the burial, and that the schedule of trains between the two places was such as to afford him ample opportunity of doing so, had the message been transmitted and delivered with reasonable promptness. These facts afforded sufficient support and justification for the jury's finding, as an inference to be drawn from them, that the plaintiff would have gone to Mobile to attend the funeral and burial of his sister, if the message had been delivered in a reasonable time and had not been delayed, as shown by the evidence, for three days. To justify a verdict in a civil case, the jury need only be reasonably satisfied of the facts on which their verdict is based (*Phillips v. Morris,* 169 Ala. 460, 53 South. 1001), and may draw such inferences or deductions from the facts proven to their reasonable satisfaction as they believe to be fair and reasonable and consistent with the other evidence.—(*So. Ry. Co. v. Gullatt,* 158 Ala. 502, 48 South. 472).

The written charges refused to the defendant and made the basis of assignments of error are all to the effect that the burden of proving the negative averments of defendant's special plea No. 5 (that plaintiff did not file with defendant a claim in writing within 60 days) was not on the defendant, or that the burden was on the plaintiff to show that such a claim was filed, and their refusal was not error.

Affirmed.