PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EMILIO RODRÍGUEZ, Defendant and Appellant.

No. 4599. Argued December 8, 1931.—Decided January 15, 1932.

*A. Ramírez Silva* for appellant. *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

A complaint which sets up, in effect, that the defendant had a slot machine wherein on depositing money one or several persons could obtain a larger amount than the amount deposited, and that various persons, naming one of them, tried their luck at such a machine, sufficiently describes a lottery as defined by section 291 of the Penal Code and punished by section 292 of the said code. The complaint in this case is practically copied from a similar complaint which we reviewed in *People* v. *Torres,* 40 P.R.R. 241, wherein this Court held that the complaint was sufficient. We can not agree with the appellant that facts constituting a lottery were not described in the complaint.

Act No. 83 of 1931, which is a bill for raising revenue, imposed an excise tax on the use of slot machines of the character described in the complaint and also a tax for the introduction of them in Puerto Rico. The appellant maintains that this act of the Legislature was a recognition of the right of a citizen to set up and use the said slot machines.

The weight of the authorities is that the taxation of devices punishable by a penal law does not repeal the penal law unless such an intention is clearly indicated by the Legislature. *Blaufield v. State,* 103 Tenn. 593, 53 S.W. 1090, and cases; *Palmer* v. *State,* 88 Tenn. 553, 13 S.W. 233; 16 C.J. 69, secs. 33 *et seq.*; 12 R.C.L. 711.

The judgment will be affirmed.