179 So. 915

**WILLIAMS v. STATE.**

6 Div. 254.

Court of Appeals of Alabama.

Jan. 11, 1938.

Rehearing Denied Feb. 1, 1938.

**74**

J. B. Powell, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was found, subsequent to the enactment of the "Alabama Beverage Control Act," Gen.Acts Alabama Extra Session 1936–1937, p. 40, in the possession, in Walker county, of a quantity of beer.

He was indicted and tried for the offense of illegally having in his possession "prohibited liquors"—this beer.

From the judgment of conviction which followed, he brings this appeal.

Upon his trial below appellant offered, as his defense to the charge made, the admitted fact that the beer in question "all had the State stamp on it, showing the State alcoholic beverage tax on the same had been paid," and the undenied fact that the beer had been legally purchased by appellant in an adjoining county where its sale was permitted by law.

It is admitted that Walker county is a "dry" county, i. e., a county wherein a majority of the electors voting in the election provided for in section 51 of the aforementioned "Alabama Beverage Control Act" voted "No," and wherein the said act by its own terms did *not* go into effect."

The case was tried in the court below by the judge, sitting without a jury. So, stripped of a few unimportant technicalities, the question is squarely posed here: "May one, otherwise guilty of a violation of the terms of Code 1928, § 4621, by having in possession any of the liquors described therein, have in possession in a 'dry' county, as that term is defined by the said Alabama Beverage Control Act, whiskey or beer —instantly, beer—which has been legally purchased from a legally authorized selling agency in a 'wet' county, as defined by the same act, without being guilty of a violation of the criminal laws of our State?" Code 1928, §§ 8598, 8599.

We believe we are not unaware of the importance of this question. We know we are not unaware of the welter of conflicting opinions regarding its correct answer which has rolled over our state ever since the passage of the Alabama Beverage Control Act.

But we shall look for our answer not in an analysis of the large number of such opinions which have been presented for our perusal on this appeal, interesting as that analysis would prove. We turn, rather, to the statutes themselves—the Alabama Beverage Control Act, and prior existing laws.

It is not controverted that, *before* the passage of this Alabama Beverage Control Act, there reposed in the written laws of our state a *positive* prohibition, coextensive with the boundaries of the state, of the possession of "beer" such as is involved here (it not being claimed or shown that said "beer" came within the exception to such "prohibition" permitted by act of the Legislature passed over the veto of Governor Miller on October 6, 1932, found in Gen.Acts Alabama Extra Session 1932 at page 56, and known as the "Near Beer Law"). This prohibition is found in Code 1928, § 4615, in connection with same Code, § 4621.

So, if the "possession" here shown to have been found in appellant be held to be *legal* it must be because the "prohibition" contained in the sections of the Code of 1928 we have cited has been *repealed* by the Alabama Beverage Control Act.

The only statutory enactment existing at the time of the passage of the said Alabama Beverage Control Act that was *specifically* repealed by that act was one, not here important, described as "Article 5 of chapter 167, Code of 1923", Code 1928, § 4666 et seq., having to do with advertisements of prohibited liquors and beverages.

If any other statutory laws of our state, existing when the Alabama Beverage Control Act was passed, the pertinent parts of Code 1928, §§ 4615 and 4621, included, were *repealed* thereby, it was only because their terms or provisions found themselves in *conflict* with the terms and provisions of the Alabama Beverage Control Act. As it is expressed in said act—but, as we understand the authorities, would have been the case, anyway—"all laws and parts of laws in conflict herewith, either special or general except as herein otherwise specially provided are hereby repealed." Section 61.

Now if the pertinent parts of Code 1928, §§ 4615 and 4621, are repealed by the last next above sentence, it must be by implication, because they are "in conflict" with the provisions of the Alabama Beverage Control Act.

Perhaps we should here set down some observations—not our own, but quoted from the "authorities"—our Supreme Court in-

cluded—regarding the law as to "repeal of statutes by implication."

To begin, we find in 59 Corpus Juris at page 914, this: "It is a general rule that an act is not impliedly repealed because of conflict, inconsistency, or repugnancy between it and a later act unless the conflict, inconsistency, or repugnancy is plain, unavoidable, and *irreconcilable*." (Italics ours.) And as supporting that statement, among a very large number of decisions of courts of last resort which are cited, are some four or five from the Supreme Court of our own state.

As stated by the Supreme Court of Tennessee, "It is a familiar and universal rule that repeals of statutes by implication are not favored. The repugnancy between the two statutes must be very plain, and unavoidable. Both the terms and the necessary operation of the two acts must be incapable of reconciliation before the older act will be repealed by the later one, for the reason that statutes are only held to be repealed by implication because it cannot be supposed that the lawmaking power intended to enforce laws which are contradictions." Blaufield v. State, 103 Tenn. 593, 53 S.W. 1090, 1092.

Coming now into our state, we find in the case of Cook v. Meyer Bros., 73 Ala. 580, the then Chief Justice Brickell speaking for the Supreme Court in the following language: "The rule is also settled, that the repeal of statutes by implication is not favored; and a subsequent statute, if not directly repugnant to a prior statute, will not operate a repeal of the latter. *If there be a discrepancy, such exposition should be made, if practicable, that both may stand together;* but if a direct repugnancy is proved to exist, *to the extent of such repugnancy,* the later statute must prevail." (Italics our own.)

And the Chief Justice cited, as supporting the statement in the next preceding paragraph the case of Pearce v. Bank of Mobile, 33 Ala. 693, from the opinion in which we quote as follows: "It is an established principle, that a later statute shall not repeal an older one by implication, unless they are so inconsistent that they can not stand together."

Space forbids that we go on to cite, and quote from, all the authorities who have spoken on this subject. In all of them, text-writers, commentators, authors, and editors, as well as writers in decisions from high courts too numerous to even cite, we find a singular unanimity of opinion on the subject. Perhaps as concise statement of the proper rule, as any—which we will quote in closing this phase of our remarks—is to be found in the language of our own Supreme Court, in the opinion in the case of Roberts v. Pippen, 75 Ala. 103, to wit: "The rule is settled that the repeal of statutes by implication is not favored by the law. In order to harmonize legislative acts, courts are required to adopt, if necessary, rules of fair and liberal construction. If it be possible to reconcile the two statutes so as to permit both to stand, without violating sound principles of construction, this will be done. The *court will not* ordinarily *declare a prior act to be repealed by a subsequent one, in the absence of express words of repeal, unless* the provisions of the *two are* directly repugnant, or, as frequently expressed, *irreconcilably inconsistent.*" (Italics ours.)

We understand, of course, that we are not called upon here to undertake any critical examination of the Alabama Beverage Control Act in any of what we may term its larger aspects. If there are constitutional questions apparent, regarding its title and body, or any of its provisions, they are not questions bearing upon the answer to the question presented to us, and hence are not to be discussed by us. Smith et al. v. McQueen, 232 Ala. 90, 166 So. 788. We have only to answer the question we have said was posed here, assuming, for that purpose, that the Alabama Beverage Control Act is valid in all respects in all its provisions.

As mentioned hereinabove, under the provisions of section 51 of the said act (and when we use the word "act" we mean the Alabama Beverage Control Act), a referendum was held—in all respects, so far as appears, in accordance with the terms thereof—and the Governor, as directed, by proclamation dated March 17, 1937, declared the act in effect in some twenty-four of the sixty-seven counties of the state. Of these twenty-four counties, Walker was *not one.*

As to it, i. e., Walker county, a majority of the electors thereof having voted "No" to the question "Do you favor the legal sale and distribution of alcoholic beverages in this county?" submitted in the referendum mentioned above, it is expressly provided by the terms of the Alabama Beverage Control Act, itself, section 51,

that "this Act *shall not* go into effect in such County." (Italics ours.)

The provisions of Codes 1923 and 1928, §§ 4615 and 4621, being all the while in full force and effect in Walker county, and the provisions of the Alabama Beverage Control Act being definitely *not* in effect in Walker county, it is rather interesting to follow the reasoning by which some reach the conclusion that it is no longer a violation of the laws of our state for one such as appellant to be in possession of alcoholic beverages such as are here involved in said county. We consider such reasoning fallacious—we will not say specious, and will elaborate but briefly.

Doubtless it is by now, from what we have said, obvious that the counties of the state wherein the act is declared to be in effect are designated in said act (and are) "Wet" counties, whereas the counties of the state wherein it is *not* in effect are designated therein (and *would* be, apparently) "Dry" counties. Anyhow, such is the fact.

The Attorney General, in his brief filed here, has accommodatingly collected from the act, and listed, *every* reference therein to "alcoholic beverages in dry counties." We reproduce his list:

"Subsection (c) of section 6, which is the section dealing generally with the functions, duties and powers of the Alcoholic Beverage Control Board, reads, in part, as follows:

" 'No store shall be established in, and neither the Board nor any other person may legally *buy, manufacture* or *sell* alcoholic beverages in any county which has voted in the negative in any election called as herein provided for determining the said issue, unless and until said county has at a subsequent similar election voted in the affirmative.' (Italics ours.)

"Section 51, which is the section providing for the referendum to be held in the various counties in the state, reads, in part, as follows:

" 'In every County where a majority of the electors voting in said election vote 'Yes,' this Act, and all of its provisions, shall be immediately put into operation in such County, but in every county where a majority of the electors voting in said election, vote 'No,' this Act shall not go into effect in such county, and all laws prohibiting the *manufacture* and *sale* of alcoholic liquors or beverages now in force

and effect in Alabama shall remain in full force and effect in every such County.' (Italics ours.)

"This same section elsewhere provides as follows:

" 'In all dry Counties, as defined in this Section, the Statutes of Alabama prohibiting the *manufacture, sale,* or *distribution* of Alcoholic Beverages shall remain in full force and effect, and any person, firm, or corporation convicted of violating any of the provisions of the present statutes of Alabama regulating or defining the illegal *manufacture, sale or distribution* of alcoholic beverages shall be punished as now provided by such laws.' (Italics ours.)

"Section 52 reads as follows:

" 'Unlawful to *Sell* Alcoholic Beverages in Dry Areas:—It shall be unlawful to *sell* alcoholic beverages within any county where the electors have voted against such sales, except as authorized by Section 18 herein.' " (Italics ours.)

It might be well to here note that section 18 (of the act) is the section providing for the issuance of public service liquor licenses to railroad or pullman companies, permitting the sale of alcoholic beverages in dining, club, or buffet cars, to passengers for consumption while en route on such railroads, and to steamship companies, permitting alcoholic beverages to be sold in the dining compartments of steamships or vessels. It has no bearing whatever upon the question before us.

Now, because in no reference contained in the act to "alcoholic beverages in dry counties" is there a mention of "possession"; and because nowhere in the act is there a "restriction on, or a prohibition against" the possession of legally purchased alcoholic beverages in a dry county; and because the Legislature *did expressly* in the act *preserve*—as if it *needed* such *express* preserving—it not being *repealed* in the first place—the prohibition theretofore existing against the "manufacture, sale and distribution" of alcoholic beverages in *dry* counties, we are asked to conclude that it was the *intention* of the Legislature to *repeal* the hitherto existing positive, specific prohibition of the "possession" of alcoholic beverages in the counties of the state wherein said act did *not* go into effect.

But the binding force of the valid enactments of a prior Legislature, Code 1928,

§§ 4615 and 4621, is not, we believe, to be gotten rid of by any such method.

█ It is true enough that the "intent of the lawmaker is the law." City of Birmingham v. Southern Exp. Co., 164 Ala. 529, 51 So. 159, 162. .

█ But, it is just as true, as was said for our Supreme Court by the late, lamented, and very·learned Mr. Justice Sayre, in the opinion in the case of May v. Head, 210 Ala. 112, 96 So. 869, 870: *"The court has no authority to look for the legislative intention in anything but the legislative language;* that language may be explained; it cannot be detracted from or added to. The office of interpretation is not to improve the statute; it is to expound it; and *the court knows nothing of the intention of an act, except from the words in which it is expressed,* applied to the facts existing at the time." (Italics ours.)

█ Referring to the legislative act there under scrutiny, Mr. Justice Sayre went on to say, in the opinion in this May v. Head Case: "The court has no authority to amend the section, so as to make it express what we [it] may conceive the Legislature should have done or *would have done, had its attention been called to the state in which the law was being left."* (Italics ours.)

Applying the rule(s) enunciated by Mr. Justice Sayre, above, it seems our task is not so difficult. We have searched the Alabama Beverage Control Act word by word, line by line, section by section, from its beginning to its end. Nowhere, in any section, do we find a provision "irreconcilably inconsistent" with the provisions of Code 1928, § 4621, in so far as appellant is concerned.

█ Without tediously further prolonging our opinion, we are clear to the conclusion that it is altogether "practicable" to construe the Alabama Beverage Control Act in such a way that both it and Code 1928, § 4621, "may stand together" and not "conflict"—in a "dry" county, such as Walker.

A little more specifically, it is our view that a proper construction of said act is that it applies *solely* to the "wet" counties of the state—that is, certainly, in so far as all such as *appellant* are concerned. But that even if it be conceded—which we do *not* concede—there are those in "wet" counties "licensed" to "sell or deliver vinous or malt or brewed beverages in sealed containers anywhere within the State of Alabama," *this* provision—if it affected *appellant*—which it does *not*—would still not be sufficient to *repeal* the law as embodied in Code, §§ 4615 and 4621, supra. 37 C.J. 244, § 105.

We answer the question we have posed in the sixth paragraph of this opinion in the negative; and the judgment is affirmed.

Affirmed. .

### On Rehearing.

█ In our opinion on original submission, we said, referring to the Alabama Beverage Control Act, this: "If there are constitutional questions apparent, regarding its title and body, or any of its provisions, they are not questions *bearing upon* the answer to the question presented to us, and hence are not to be discussed by us." (Italics supplied here.)

The quoted statement is probably, at least possibly, not correct. Instead of that, what we *should* have said, and what we do now say, is this: "If there are constitutional questions apparent, regarding its title and body, or any of its provisions, they are not questions the solution of which is *essential* to the answering of the question presented to us. And, hence, they will not be discussed by us." Smith et al. v. McQueen, 232 Ala. 90, 166 So. 788.

As said in the opinion in the McQueen Case just cited: "—the rule is very generally observed that the courts will not pass upon any constitutional question unless necessary to a decision of the cause."

With the correction we have thus indicated, we are content to stand upon what we have written in the opinion heretofore handed down; and the application for rehearing is overruled.

Opinion extended; application overruled.