July 25, 1931, Gen.Acts Ala.1931, p. 806, which makes it unlawful for any person, firm, corporation, or association of persons within this State to possess, keep, own, set up, operate, or conduct, etc., any of the designated gambling devices enumerated and described in section 1 of the act, supra, which deals principally with various slot machines.

Upon this appeal but one question is presented by the record, and upon the record proper only this appeal was submitted. This question is confined and based solely upon the sufficiency of the indictment.

This case is similar in all respects to the case of Gideon v. State, 181 So. 301,[1] considered and decided by this court at present term. We therefore need only to affirm the instant case upon authority of Gideon v. State, supra.

Affirmed.

and beer which were found stored in a room of appellant's residence, under the circumstances that obtained, were in his possession, was properly left to the jury. It, by its verdict, having resolved that question in the affirmative, appellant was guilty, under our decision and opinion in the case of Welder Williams v. State, 179 So. 915.[1] And this regardless of any other questions raised on the trial.

The judgment is affirmed.

Affirmed.

180 So. 338

## BLACKWELL v. STATE.

### 8 Div. 656.

Court of Appeals of Alabama.

Feb. 22, 1938.

Rehearing Denied April 5, 1938.

S. A. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

Under the repeated rulings of this court, the question of whether or not the whisky

181 So. 509

## LOCKWOOD v. STATE FARM MUT. AUTOMOBILE INS. CO.

### 3 Div. 798.

Court of Appeals of Alabama.

March 22, 1938.

Rehearing Denied April 12, 1938.

---

[1] 236 Ala. 110.

[1] Ante, p. 73.