180 So. 733

## GOLDEN v. STATE.

### 8 Div. 601.

Court of Appeals of Alabama.

April 19, 1938.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of unlawfully having in his possession prohibited liquor, viz., beer. Code 1928, §§ 4615, 4621.

The evidence on behalf of the state was ample to support the verdict of the jury.

Appellant's aggressive counsel, it is apparent, would not question the statement in the next preceding paragraph, if it were not for the fact that they seem convinced that the passage of the "Alabama Beverage Control Act", Gen. and Local Acts Alabama Special Session 1936–1937, p. 40, operated to promulgate a, as they term it, "New Prohibition Law" in Lauderdale county.

But such is not the fact. As we pointed out in our opinion in the case of Welder Williams v. State, 179 So. 915,[1] the appeal there coming from Walker County, in all those counties of the state where the said "Alabama Beverage Control Act" did not, by its terms, go into effect, the "prohibition laws," to so denominate all that body of our laws having to do with intoxicating liquors, already obtaining, remained in full force and effect. Lauderdale, from which this appeal comes, is one of those counties.

In view of the above, there is nothing more to be said.

The judgment is affirmed.

Affirmed.

