184 So. 205

**HOLT v. STATE.**

**8 Div. 597.**

Court of Appeals of Alabama.

June 14, 1938.

Rehearing Denied June 30, 1938.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Jack Crenshaw, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in three counts: (1) Unlawfully possessing whiskey; (2) unlawfully possessing beer; (3) maintaining an unlawful drinking place.

When the evidence for the State was all in, it appeared that the beer and whiskey found in possession of this defendant had been purchased from one of the State Liquor Stores and had on it the State Revenue Stamp. Acting upon the theory that defendant had purchased the whiskey and beer from a State Liquor Store, and that it was properly stamped by the State, and being so purchased and stamped the defendant had a right to possess it, even in prohibition territory, for his own use and not for sale, the court charged out counts one and two, and instructed the jury that a conviction could only be had under the third count of the indictment. This was error, but was an error of which the defendant could not complain. Williams v. State, Ala.App., 179 So. 915,[1] certiorari denied, Supreme Court, 235 Ala. 520, 179 So. 920.

Count one and two being eliminated, it will not be necessary for us to pass upon questions raised solely relating to these two counts.

The demurrer to the third count was properly overruled. The count followed the form provided in Section 4665 of the Code of 1923.

The evidence for the State tended to prove every material ingredient of the crime charged. The defendant offered no evidence. The affirmative charge was properly refused.

The crime charged is continuous in its nature and, therefore, it was competent to prove acts covering the time covered by the indictment tending to prove the character of the defendant's place of business.

There are many objections and exceptions to testimony, but what we have said sufficiently covers all of them.

The judgment is affirmed.

Affirmed.

