182 So. 406

### DUNCAN v. STATE.
### 8 Div. 593.

Court of Appeals of Alabama.
June 21, 1938.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction pronounced and entered against defendant in the above designated trial court. He was tried for the offense of violating the State prohibition laws, upon an indictment returned by the grand jury.

Appellant, as he had the right to do, has assigned errors, based upon 13 separate and distinct grounds; from which it is very evident this case was tried before the decision by this court (certiorari denied by the Supreme Court, 235 Ala. 520, 179 So. 920) in the case of Welder Williams v. State, 179 So. 915, was promulgated. At the time this trial was had, in the lower court, it was generally understood throughout the State that a person could legally possess prohibited liquors in "dry counties" where such liquors had been legally acquired from one of the State stores, or otherwise legally purchased in this or another State. This prevalent idea was based upon an opinion rendered by the Attorney General of the State in answer to a legal inquiry submitted to him prior to the trial of the case. As stated, the two appellate courts of Alabama decided contrary to the opinion rendered by the Attorney General, but such decision was subsequent to the trial of this case in the court below.

In this case the Attorney General makes the following insistence: "This case was tried at a time when it was presumed that the possession of liquor, etc., bearing the State stamp, when used for private consumption even in what is known as a dry county, was not a violation of the law. But since the trial of the case, our Court of Appeals, in the case of Welder Williams v. State, supra, now in manuscript, has held to a contrary doctrine, and by this holding has just about settled every question raised by the appellant adversely to him. It eliminates any question as to the refused charges."

The foregoing insistence of the Attorney General is practically correct.

The demurrers to counts 1 and 3 of the indictment were not well taken, these two counts were in proper form and substance, and substantially complied with the pertinent provisions of Section 4644, Code 1923. Count two of the indictment was eliminated by the court's ruling and was not submitted to the jury.

Appellant urgently insists, that in any aspect of this case, the defendant was entitled to the general charge No. 1. And quoting from appellant's brief we find this contention, towit: "There was no testimony in this entire case that appellant had in his possession any prohibited liquors, or that there were any at his home with his knowledge.".

By reference to the record, on page 15, thereof, we find that the foregoing statement by counsel for appellant is not sustained. The defendant testified as a witness in his own behalf, and as shown by the record, page supra, he stated: "My name is Will Duncan. I am defendant here and recollect on or about May 23rd. of this year when the officers came down there and found twenty-five or thirty bottles of beer. I had that beer for my sick daughter and I and my family were the ones who consumed it."

Pretermitting all the other evidence on this point, which of itself made a jury question, the above quoted testimony of defendant is sufficient to render unavailable to defendant the general affirmative charge, and to sustain the court in its refusal thereof.

We find no reversible error in other rulings of the court insisted upon to effect a reversal. If error there was in any of said rulings the tacit admission of the defendant when testifying in his own behalf would render same innocuous and without injury.

The record is regular and without apparent error thereon. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.