192 So. 514

**GIBBS v. STATE.**

**7 Div. 364.**

Court of Appeals of Alabama.

May 16, 1939.

Rehearing Granted Oct. 3, 1939.

Further Rehearing Denied Nov. 21, 1939.

Obe Riddle, of Talladega, and L. H. Ellis, of Columbiana, for appellant.

114

**SAMFORD, Judge.**

The defendant was tried on a complaint sworn to before the Judge of the County Court, which charged that the defendant did, accept the delivery of, received, have in possession, possess, sell, offer for sale, keep for sale, or otherwise dispose of, prohibited liquors and beverages, contrary to law in Talladega County.

On a trial before the County Court the defendant was convicted, and from that judgment he appealed to the Circuit Court where he was again tried before a jury and again convicted, from which judgment of conviction is this appeal.

The evidence for the State, without contradiction, tended to prove that the defendant was in the constructive possession of eleven pints of whiskey and some ten cases of beer, all of which is prohibited liquor within dry counties. It appears from the evidence that all of this liquor and beer had the State's Revenue Stamp attached to each package. There was some evidence tending to prove that the beer and whiskey was being sold openly on the premises of the defendant and at a time when he was present.

After the testimony was all in, the court gave an extended charge to the jury, in which the court stated to the jury: "If he has got it (the prohibited liquors) for his own personal use, in a dwelling house, then by implication, he has a right to keep it there because the State of Alabama, in the opinion of the court, wouldn't do the absurd thing of saying it would take the money of anybody for whiskey or beer, for their own personal use, and then say that they couldn't go anywhere in the State with it, or require such person to drink it in a wet county, where he bought it, and go back there at any time he wanted to use it."

This was, and is, in the very teeth of the opinion of this Court and the Supreme Court in its construction of An Act of the Legislature, known as the "Alcoholic Beverage Control Act," Gen. Acts 1936–37, Ex. Sess., p. 40, and we deem it our duty to call this to attention in passing upon this appeal; although further decision on this matter is not necessary.

It is not for the courts to say what the Legislature should have done, or what was its intention, unless such intention is contained in the legislative language. The language may be explained, it

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

cannot be detracted from or added to. The office of interpretation is not to improve the Statute, it is to expound it; and the court knows nothing of the intention of an Act, except from the words in which it is expressed, applied to the facts existing at the time. May v. Head, 210 Ala. 112, 96 So. 869; Williams v. State, 28 Ala.App. 73, 179 So. 915.

In the case of Williams v. State, supra, this whole question was considered at length by this Court, which opinion was approved by the Supreme Court on certiorari. Williams v. State, 235 Ala. 520, 179 So. 920.

It is the duty of trial judges to charge the law as it has been declared by appellate courts and to give construction to Statutes in accordance with such opinions, to the end that there may be an orderly administration of justice. It is but fair to say, however, that the instant case was tried in the circuit court before the promulgation of the opinion in the Williams case, supra; and hence, no criticism of the trial judge in his charge to the jury is intended by the foregoing observation.

However, the trial judge, at the request of the State in writing, gave to the jury the general affirmative charge, and in view of this fact this action of the court becomes the controlling factor in a determination of this appeal.

While the undisputed facts tended to prove the constructive possession of the liquor by the defendant at the time fixed by the prosecution, there was no positive testimony proving a guilty scienter on the part of this defendant as to the possession of the liquor. This Court has many times held in prosecutions of this character that a guilty scienter on the part of the defendant was necessary to a conviction. In the instant case this guilty scienter rested in inferences to be drawn by the jury from the proven facts.

Inferences of guilt from proven facts may be drawn by a jury under a proper charge of the court, but the court would not be authorized to instruct the jury as to what inferences should be drawn. That function is solely within their province. Kelly v. State, 1 Ala.App. 133, 56 So. 15; Southern R. R. Co. v. Gullatt, 158 Ala. 502, 48 So. 472; Western Union Tel. Co. v. Brazier, 10 Ala.App. 308, 65 So. 95.

Taking into consideration the presumption of innocence attending the defendant on the trial, which is an evidentiary fact, and the further fact that the guilt of defendant as to a guilty scienter rested in inferences to be drawn from facts, not necessarily importing guilt, we are of the opinion that the court committed error in giving to the jury, at the request of the State, the general affirmative charge.

For this error, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

On Rehearing.

Upon a fuller consideration of the record in this case, the former opinion is withdrawn, the above opinion is substituted, the application for rehearing is granted, and the judgment of the trial court is reversed and remanded.

Application granted.