200 So. 431

## NEWTON v. STATE.

### 4 Div. 640.

Court of Appeals of Alabama.

Feb. 4, 1941.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This appeal proceeded from a judgment of conviction of appellant in the Circuit Court of Geneva, a dry County, for violating the State prohibition law. Code 1923 § 4615 et seq. Specifically, he was convicted for having in possession, illegally, a truck load of beer.

Appellant, in brief, sufficiently states the case, towit: "The facts * * * in substance * * * are that the defendant was an employee of the Five Points Beverage Company, a wholesale beer dealer in Dothan (Houston, a wet County), and was sent by this company to Pensacola, Florida, for a truck load of beer. While returning from Pensacola to Dothan, at a point near Milton, Florida, he was held up by an escaped Florida convict with a shotgun and his truck and the beer were taken away from him. During that same night the convict, with the truck and beer, was captured in Covington (a wet) County, Alabama, and the defendant was notified of that fact. The next day the truck and beer were restored to his possession in Andalusia and while passing through Geneva County, on his way to Dothan, he was arrested under the warrant in this case."

It is important to add that the beverage company was duly qualified to conduct such business under the Alabama Beverage Control Act, Gen. Acts 1936–37, Sp.Sess. p. 40 and had paid the State tax on the beer at the time of the alleged charge.

W. Perry Calhoun and L. A. Farmer, both of Dothan, for appellant.

The judges of this court being unable to reach an unanimous conclusion as to the controlling questions presented by this appeal, the following certification was made to the Supreme Court, as provided by law:

"To the Supreme Court of Alabama:

"The judges of this court are in disagreement and 'unable to reach an unanimous conclusion' as to certain controlling questions in the case of Ralph Newton v. State, from Geneva Circuit Court, now pending in this court.

"Our court in Williams v. State, 28 Ala. App. 73, 179 So. 915, certiorari denied 235 Ala. 520, 179 So. 920, in construing the 'Alabama Beverage Control Act' (General Acts 1936-37, Sp.Sess., p. 40), held that said Act applies solely to wet counties (as that term is used in said Act) as regards the possession in dry counties (as used in said Act) of vinous, alcoholic, malt or brewed beverages and that with respect to such (so called) dry counties the possession therein of such beverages is prohibited; the prohibition laws of Alabama in existence at the time of the passage of said Act, as to such 'dry' counties, being still in full force and effect—and this though such liquors or beverages might have been purchased in a (so called) wet county from a legally authorized sales agency therein.

"The Supreme Court in Holt v. State, 238 Ala. 2, 193 So. 89, held: 'When the Alabama Beverage Control Act, section 51, provided that it shall not go into effect in a dry county, and that all laws prohibiting the manufacture and sale of alcoholic liquors shall remain in force in them, we think it meant, as stated by the Court of Appeals in the Williams case, supra, that the said Act should not be there effective to the extent that it conflicts with existing laws which suppress the evils of intemperance and prohibit evasions and subterfuges and which provide for crimes and penalties and prescribe remedies, including the entire body of such laws, except as may be otherwise apparent in it. This does not prevent the application in dry counties of such features as were evidently intended to apply there.'

"It was observed in the Holt case, supra, by Mr. Justice Brown—whose special conclusions seem not to have been concurred in by the other Justices—towit: 'The final and specific utterance by the Court of Appeals in the Williams case "it is our view that a proper construction of said act is *that it applies solely to the 'wet' counties of the state*" is unsound and to that extent at least it should be disapproved. (Italics supplied.)'

"In attempting to reconcile these authorities, the judges of our court have disagreed and therefore, as authorized by law, the following abstract questions are hereby certified to your court for an opinion as guidance to our court in said cause, towit:

"1. Does it constitute a violation of law to transport such liquors or beverages from one (so called) wet county to another such (wet) county, through or over a (so called) dry county when such liquors or beverages have been purchased from a legally authorized sales agency in a wet county of the State?

"2. Does it constitute a violation of law for a licensee (of the Alabama Beverage Control Board under the provisions of said Act) to transport through or over a (so called) dry county of Alabama malt or brewed beverages, in importing said beverages, (legally obtained from another State), to his place of business in a wet county of this State?

"The foregoing are propounded under the provisions of Section 7311, Code of Alabama, 1923. As aid in determining this enquiry, the transcript in the above captioned [case] is herewith submitted."

In response to the foregoing the Supreme Court replied:

"The following questions have been propounded to the Supreme Court of Alabama for answer under Section 7311 of the Code of Alabama of 1923, in consideration of the above-styled case:

" '1. Does it constitute a violation of law to transport such liquors or beverages from one (so-called) wet county to another such (wet) county, through or over a (so-called) dry county when such liquors or beverages have been purchased from a legally authorized sales agency in a wet county of the State?

" '2. Does it constitute a violation of law for a licensee (of the Alabama Beverage Control Board under the provisions of said Act) to transport through or over a (so-called) dry county of Alabama malt or brewed beverages, in importing said beverages (legally obtained from another State), to his place of business in a wet county of this State?'

■ "The case of Williams v. State, 28 Ala.App. 73, 179 So. 915, certiorari denied 235 Ala. 520, 179 So. 920, was disapproved or extended in its interpretation of Section 51, Gen. Acts of Alabama, Special Session

1936–37, pp. 81–83, in Holt v. State, 238 Ala. 2, 193 So. 89, 90, by the use of the following words:—'This does not prevent the application in dry counties of such features as were evidently intended to apply there.'

"For convenient reference, it should be stated that the constitutionality of the Alabama Beverage Control Act, General Acts, Special Session, 1936–37, p. 40 was sustained by this court in State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283, Justice 'Knight dissenting as therein set out.

"In his special concurrence in Holt v. State, 238 Ala. 2, 10, 193 So. 89, 96, Mr. Justice Brown said: 'The final and specific utterance by the Court of Appeals in the Williams case "it is our view that a proper construction of said act is *that it applies solely to the 'wet' counties of the state*" is unsound and to that extent at least it should be disapproved. (Italics supplied.)'

"This view is in accord with the opinion of the majority of this court in the Holt case, supra, and with this opinion. Therefore, it is apparent that the Holt case, supra, modifies the holding of the Court of Appeals in Williams v. State, supra, as to the broad language used in that opinion.

"We are, however, of the opinion that the questions now propounded to this Court by the Court of Appeals were not categorically decided by the Holt case, supra.

"Under the agreed statement of facts, a due compliance with the revenue statutes that obtain is shown to have been made by the Five Point Beverage Company and its agency or agent in question,—defendant driver and its truck. It is also shown that the tax on the beers in the truck in question had been paid at the time the case was made. Under the agreed statement of facts the questions here certified have been considered by all of the Justices of this court.

"When the Alabama Beverage Control Act, General Acts of Alabama, Extra Session 1936–37, p. 40, has application, there are several provisions thereof giving the right and power to the Board to make reasonable rules in the due supervision of the conduct, management and operation of the sale and distribution within the state of alcoholic, malt or brewed beverages, and vinous beverages of an alcoholic content, as set out in various sections of the act.— Gen. Acts, Extra Session, 1936–37, p. 40, §§ 26 and 37, pp. 67 and 73, respectively; § 25 (3), p. 65; § 28, pp. 67 and 68; § 36, pp. 72 and 73.

■ "We are of opinion that a reasonable construction of the Alabama Beverage Control Act, supra, and its many provisions here applicable, for instance, § 25 (3), p. 65; § 51, pp. 81–83; § 26, p. 67; §§ 31 and 32, pp. 68 and 69; § 33, p. 70 and §§ 34 and 35, pp. 71 and 72, must be given to comport with the legislative intent found within the four corners of the act.

■ "Therefore, the foregoing questions propounded are answered in the negative. We hold that a reasonable interpretation of the statute is that *it was the legislative intent that qualified agents or agencies may* legally and in good faith *transport a liquor or beverage* duly *authorized to be sold and transported under the act* and under the rules and regulations of the Beverage Control Board, in interstate commerce from without the state through a dry county within the state to a wet county within the state; or in intrastate commerce from a wet county within the state to another wet county therein, even though such due and legal transportation may of necessity have to proceed through a dry county or counties of the state. See Larry Hardin v. State, post, p. 204, 3 So.2d 83.

"The questions are of great importance in the orderly direction and supervision of the conduct, management and operation of the sale and transportation within this state of all alcoholic, malt, brewed or vinous beverages with an alcoholic content, as are defined by the act. When such agent or agency has complied with the act and the rules and regulations of the Alabama Beverage Control Board, which has been authorized by the Legislature of Alabama to supervise and control this important industry, such transportation, in proper and legal manner, is not a violation of the spirit or intent of said act.

"It follows that the two above set out questions must be and they are hereby answered in the negative.

"All the Justices concur except Knight, J., who dissents on constitutional grounds as stated in his opinion (dissent) in Holt v. State, supra, and State ex rel. Wilkinson v. Murphy, supra."

■ It results, therefore, that the transportation of the truck load of beer through the (dry) County of Geneva to its destination in the (wet) County of Houston was no offense to the prohibition law.

The judgment of the trial court is accordingly reversed and the cause remanded.

Reversed and remanded.