# Chamblee *v.* The State.

## *Indictment for Murder.*

1. *Special venire in capital case.*—The general statute regulating the drawing of jurors and organization of juries in criminal cases (Sess. Acts 1884-5, p. 181), when two or more capital cases are set for trial on the same day, authorizes and provides for but one special *venire* for all.

2. *Flight; subsequent explanatory declarations.*—Flight soon after the commission of the offense charged, though it may be of slight probative force, is an evidentiary fact in the nature of an implied admission; and while it may be explained or qualified by accompanying declarations on the principle of *res gestæ*, subsequent conduct, acts or declarations, are not admissible for that purpose.

3. *Verdict on Sunday.*—A verdict may be received on Sunday, and judgment be entered on it on the next day.

FROM the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The defendant in this case, LaFayette Chamblee, was indicted for the murder of Marcus Chamblee, by shooting him with a gun or pistol; was tried on issue joined on the plea of

not guilty, convicted of murder in the second degree,. and sentenced to the penitentiary for the term of thirteen years. There was no objection on the trial, so far as the record shows, either to the grand jury by whom the indictment was found, or to the special *venire* from which the petit jury was selected. On the trial, as the bill of exceptions recites, "the testimony tended to show that, before the finding of said indictment, the defendant killed said Marcus Chamblee in said county, by shooting him with a gun or pistol; and that six or seven days afterwards, defendant being charged by his neighbors with the commission of the offense, he fled from his home in the county, and went to Mississippi, where he remained about ten months, and then voluntarily returned to his home, and remained there until he was arrested on said charge. The defendant's counsel then asked James Chamblee, who was a brother of the defendant and of the deceased, whether or not he had ever communicated to the defendant the fact that he was indicted in this county for killing the deceased ; and if so, how long afterwards it was before defendant returned. The State objected to this question, and the court sustained the objection; to which the defendant excepted. The defendant's counsel promised to connect it with other evidence in the case, showing that defendant did not leave home from conscious guilt." This is all the bill of exceptions states in this connection.

The jury retired to consider of their verdict on Saturday evening, and having announced to the presiding judge, through the bailiff, on Sunday evening, that they had agreed on a verdict, it was then received in the presence of the prisoner, and against his objection ; and judgment was entered on it on the next day, also against his objection.

J. W. CHAMBLEE, and W. J. CAHALAN, for the appellant, cited *Haynes v. Sledge*, 2 Porter, 530 ; *Nabors v. The State*, 6 Ala. 200 ; *Ned v. The State*, 7 Porter, 187.

T. N. McCLELLAN, Attorney-General, for the State, cited *Reid v. The State*, 53 Ala. 404 ; 68 Ala. 486, 515 ; 1 Bishop's Cr. Pr. 1001.

CLOPTON, J.—When this case was first submitted, the record did not disclose that any day was set, or special jurors were drawn, for the trial of the defendant. The record has been since corrected, and now shows that a day was set for his trial, and jurors were drawn. Two capital cases were set for the same day, and jurors were drawn at the same time, for the trial of both cases. Construing the statute regulating the drawing and impanneling of jurors in Dallas county (Acts 1884–85,

p. 492), we held in *Evans v. State*, at the present term, that it was irregular to draw at the same time special jurors for the trial of two capital cases, though set for trial on the same day. The jurors in the present case were drawn under the "Act to more effectually secure competent and well qualified jurors in the several counties in this State, with the exception" of certain named counties.—Acts 1884-85, p. 181. The provisions of the act are materially different from the act relating to Dallas county, as to the manner of drawing special jurors for the trial of capital cases. The language is: "When any capital case or *cases* stand for trial, the court shall, at least three days before the same are set for trial, cause the box containing the names of jurors to be brought into the court-room, and, having the same well shaken, the presiding judge shall then and there publicly draw therefrom not less than twelve, nor more than twenty-four of said names; . . . and the names of the jurors so drawn, together with the panel of thirty-six heretofore provided for, shall constitute the *venire* from which the jurors to try said capital case or *cases* shall be selected." The statute contemplates that more than one case may be set for trial on the same day. If more than one, the presiding judge, nevertheless, can not draw more than twenty-four names; and but one *venire* is provided, from which the juries to try such *cases* shall be selected. Under the provisions of the statute, the drawing of the jurors was regular.

Flight, soon after the commission of an offense, may be of the least probative force of all the criminating circumstances, and is insufficient by itself to authorize a conviction; but it is an evidentiary fact, from which, in connection with other proof, guilt may be inferred. It is admissible in all cases, the prosecution having proved the flight, for the defendant to show any explanatory or excusing circumstances, constituting the *res gestæ*. The conduct of the accused, whether consisting of flight or other act, or of appearance, operates in the nature of an admission. Admissions or declarations, made at one time, can not be qualified or controlled by other declarations, made at a subsequent time. No more can an admission, implied from conduct, be explained or controlled by subsequent conduct, which forms no part of the *res gestæ*.—*Campbell v. The State*, 23 Ala. 44. The evidence as to the information of the indictment being communicated to the defendant, and the time of his return, was properly excluded. The offer was accompanied with a proposition to connect it with other evidence, showing that he did not leave from a consciousness of guilt; but the court was not informed of the character of such other evidence, and there was no offer in fact to introduce

any. The defendant was not denied the opportunity to explain or excuse his flight by competent evidence.

It was lawful for the court to receive the verdict on Sunday, and enter the judgment on a succeeding day.—*Reid v. State,* 53 Ala. 401; 1 Bish. Crim. Pro. § 1001.

Affirmed.