# White v. The State.

*Indictment for Assault With Intent to Murder.*

1. *Charge ignoring lesser offense included in the offense expressly charged in indictment.*—On a trial for an assault with intent to murder, a charge requested by defendant that "the court charges the jury that, unless the defendant actually presented a pistol at Collier, then the defendant is not guilty", is properly refused where, under the evidence the defendant might have been lawfully convicted of an attempt to commit an assault.

APPEAL from the City Court of Gadsden.

Tried before Hon. JOHN H. DISQUE.

The appellant was indicted, tried and convicted of an assault with intent to murder one Berry T. Collier, and sentenced to imprisonment in the penetentiary for two years.

The evidence on the trial of the cause, as is shown by the bill of exceptions, tended to show that the defendant came into the restaurant of Collier, drunk; that he presented to Collier an account for goods bought by Collier at the store of the defendant's father; that upon reading the account Collier threw it upon the floor, and thereupon the defendant pulled a pistol from his pocket, which was taken from him by the chief of police of the city of Attalla. It was also shown that the defendant and Collier were not on friendly terms, and that the defendant had said he expected to kill Collier.

After the introduction of this evidence, the defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked : "The court charges the jury that unless the defendant actually presented a pistol at Collier, then the defendant is not guilty."

GOODHUE & SIBERT, for the appellant.

WM. C. FITTS, Attorney-General, for the State.

HEAD, J.—If the charge requested by defendant had been limited to an acquittal of any assault, it would have been proper.—*Lawson v. The State*, 30 Ala, 15; *Johnson*

[Newsom v. The State.]

*v. State*, 35 Ala. 363; *Tarver v, State*, 43 Ala. 354; *Clements v. State*, 50 Ala. 117; *Simpson v. State*, 59 Ala. 1; *Chapman v. State*, 78 Ala. 463. But under the evidence the defendant might have been lawfully convicted of an attempt to commit an assault. The charge, if given, would have denied the jury that right.

Affirmed.