# Kelly v. The State.

### Assault With Intent to Rape.

(Decided June 15, 1911.  56 South. 15.)

1. *Trial; Province of Court and Jury.*—Where there was no evidence from which the jury could reach a different conclusion, it becomes a question of law for the court; but where different conclusions can be drawn from the evidence a jury question then arises.

2. *Rape; Assault with Intent.*—The evidence examined and held sufficient to sustain a conviction for assault with intent to ravish.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Red Kelly was convicted of an assault with intent to ravish and he appeals.  Affirmed.

No counsel marked for appellant.

ROBERT C. BRICKELL, Attorney General, for the State.

DE GRAFFENRIED, J.—The defendant, a negro from 18 to 21 years of age, was charged in the indictment with an assault with the intent to ravish Jessie Gwin, a girl of 13 years, who was, we infer from the evidence, a white girl.

The evidence for the state tended to show that the girl, who lived in a rural community, had been to a country store to buy some soap, and that while walking along the road leading to her home the defendant passed her; that when defendant passed her he was alone in a wagon, and as he passed he said to prosecutrix, "Don't you want to ride?" and prosecutrix replied that she did not; that defendant then said, "You need not be afraid of me; I can make you ride if I want to"; that the prosecutrix then stopped, and the defendant then drove a

few yards and also stopped; that prosecutrix then turned and started back down the road, and when she did the defendant drove on up the road; that the prosecutrix then left the road and went hurriedly through the fields in the direction of her home; that while walking along a footpath, one side of which was heavily wooded, some distance from the road, the defendant suddenly appeared in her pathway and ran after her, trying to catch her, and saying, "It is too late to run now; it will do no good to run now"; that he made efforts to catch her, getting within two feet of her, when prosecutrix saw a man with a gun hunting, and that when she discovered the man the defendant also discovered him and gave up the pursuit. The evidence further tended to show that prosecutrix made immediate complaint, and steps were immediately taken to apprehend the defendant.

The following questions arise from the above testimony: What was the purpose of defendant when he abandoned his wagon and took up his position at the woodland by the path? What was his purpose when he committed that assault upon the prosecutrix by pursuing her? What did he mean to convey to prosecutrix's mind when he said, while pursuing her, "There is no use to run now"? What would he have done to prosecutrix, had he succeeded in catching her in this footpath by the woodland? What does the evidence tend to show would have been the culmination of the pursuit but for the presence of the hunter in the field?

The defendant's counsel, in his brief, says that the assault may have been for robbery or for murder, rather than with the intent to rape. The argument made in his brief might have been and probably was, addressed to the jury which tried the case. It can serve no purpose as an argument to a court. The jury alone have

the right to weigh evidence. When there is no evidence from which a jury have the right to infer the existence of some matter of material inquiry, there is a question of law for the court; but when there is any evidence from which such conclusion can be reasonably drawn, then there is a question for the jury, and for the jury alone. The defendant, therefore, if the evidence for the state was to be believed—and that was a question for the jury—assaulted the prosecutrix at a lonely spot, near a woodland, at a time when he had reason to believe she had left the public road to avoid him, and he desisted in his pursuit of prosecutrix only upon discovering the presence of a hunter near him, with a gun.

Taking into consideration the racial differences existing between the prosecutrix and the defendant, and the differences in their social life and customs, the ages of the prosecutrix and the defendant, and all the attendant circumstances, we cannot say, as matter of law, that there was not some evidence in the case from which the jury might legally have drawn the conclusion that the defendant, when he assaulted the prosecutrix, did so with the purpose to ravish her.—*Lewis v. State,* 35 Ala. 380; *Pumphrey v. State,* 156 Ala. 103, 47 South. 156.

The judgment of the court below is affirmed.

Affirmed.

PELHAM, J., not sitting.