# Burton *v.* The State.

*Assault with Intent to Rape.*

(Decided May 13, 1913.　Rehearing Denied June 6, 1913.
62 South. 394.)

1. *Criminal Law; Attempt.*—An attempt to commit an assault or other crime was a misdemeanor at common law.

2. *Same; Offense; Attempt.*—The work "attempt" as applied to criminal acts, may be defined to be an attempt, coupled with an overt act which falls short of the accomplishment of the thing intended.

3. *Assault and Battery; Assault.*—An assault is an attempt with force and violence to do a corporal injury to another, whether from malice or wantonness, under such circumstances as denotes a present intention of doing it, coupled with a present ability.

4. *Same.*—To constitute an assault and sustain a conviction there-for, the evidence must show a present ability by defendant to carry out the unlawful attempt.

5. *Rape; Verdict; Attempt to Commit an Assault with Intent.*—A verdict and judgment finding defendant guilty of an attempt to commit an assault with intent to rape, is equivalent to a finding that the defendant was guilty of an attempt to commit rape which did not proceed far enough to amount to an assault.

6. *Same; Attempt.*—If an attempt to commit a rape falls short of an assault it remains a misdemeanor at common law.

7. *Same; Attempt.*—There may be a conviction for an attempt to rape though present ability to do the act is not shown, if there is such an apparent ability as to give to the person assaulted reason to fear injury unless she retreat to escape or secure her safety.

8. *Same; Attempt; Instruction.*—Before a defendant can be convicted of an assault with intent to rape, or an attempt to commit an assault with intent to rape, the jury must find that he intended to have illegal sexual intercourse with the woman assaulted by force or fear, and against her consent, but could convict of simple assault without finding the specific intent.

9. *Same; Evidence.*—The evidence examined and held to require a submission to the jury of the question whether the defendant intended to commit a rape.

10. *Indictment and Information; Attempt to Assault.*—Where the indictment charged an assault with intent to commit a rape, under sections 7315 and 6311, the jury is authorized, if they believe beyond a reasonable doubt, that the defendant is guilty of an attempt to commit an assault with intent to commit rape, to so find.

11. *Appeal and Error; Harmless Error; Instructions.*—Where the defendant was convicted for an attempt to commit an assault with intent to commit a rape, any error in instructions relative to an assault with intent to commit rape, was harmless.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Garfield Burton was charged with an assault with intent to commit a rape, convicted of an attempt to commit an assault with intent to commit a rape, and he appeals. Affirmed.

JAMES W. STROTHER, for appellant. The court was in error in receiving the verdict, and in giving the charge under section 6311, on the theory that there could be a conviction of an attempt to commit the assault.— *Gray v. State*, 63 Ala. 73; *Jackson v. State*, 91 Ala. 55;

[Burton v. The State.]

*Jones v. State*, 90 Ala. 628. An attempt implies both the purpose and an actual effort to carry that purpose out.—*Witherby v. State*, 39 Ala. 703; *Prince v. State*, 35 Ala. 367. Force is an essential element.—*Jones v. State, supra*. Under these authorities, the charge requested by defendant should have been given.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was indicted for an assault with the intent to rape, which is made a felony by section 6309 of the Code, punishable by imprisonment in the penitentiary for not less than two years. He was convicted of an "attempt to commit an assault with intent to rape," and sentenced by the court, as for a misdemeanor under section 7622 of the Code, to hard labor for the county for a term of six months. The defendant moved in arrest of judgment that the verdict of the jury, finding him guilty of an "attempt to commit an assault with intent to rape," was void, in that there is no such crime known to the law. The motion was overruled. In this the court committed no error.— *White v. State*, 107 Ala. 132, 18 South. 226. The verdict and judgment that the defendant was guilty of an "attempt to commit an assault with intent to rape" can only mean that the defendant was guilty of an "attempt to commit rape," which attempt did not proceed far enough to amount to an assault.—*Lewis v. State*, 35 Ala. 380; *Prince v. State*, 35 Ala. 368.

An "attempt to commit rape" or any other crime was a misdemeanor at common law.—3 Am. & Eng. Ency. Law, 251; 23 Am. & Eng. Ency. Law, 867; *Greer v. State*, 50 Ind. 267, 19 Am. Rep. 709; *State v. Pickett*, 11 Nev. 255, 21 Am. Rep. 754. And it is still recognized

as an offense under the laws of this state (*Hutto v. State,* 169 Ala. 19, 53 South. 809) ; section 7622 of the Code providing a punishment of six months' hard labor or imprisonment for all common-law misdemeanors, which, as observed, was the punishment imposed in this case. We have also the statutory offense of an "assault with the intent to commit rape," created and made a felony by section 6309 of the Code, the acts essential to constitute which were embraced in the common-law misdemeanor of an attempt to commit rape.

The word "attempt" may be generally defined as an intent to do a thing, coupled with an overt act in that direction—an endeavor to do it—which falls short of the accomplishment of the thing intended.—1 Words and Phrases, p. 622; *Jackson v. State,* 91 Ala. 56, 8 South. 773, 24 Am. St. Rep. 860. If the attempt be one to commit rape, and proceeds to such an extent as to amount to an assault on the victim, the offense becomes a felony under the statute cited; but if the "attempt" stops short of an assault it remains a misdemeanor as at common law. An assault is usually defined as an "attempt or offer, with force and violence, to do a corporal hurt to another, whether from malice or wantonness, under such circumstances as denote at the time an intention to do it, coupled with present ability to carry such intention into effect."—3 Cyc. 1020; *Gray v. State,* 63 Ala. 66.

To sustain a conviction for a simple assault, the evidence must show a present ability on the part of the defendant to carry the unlawful attempt and intention into execution (*Chapman v. State,* 78 Ala. 466, 56 Am. Rep. 42; *Gray v. State,* 63 Ala. 66) ; but a conviction for an attempt to rape may be sustained, even though the evidence does not show such present ability, provided it does show such an apparent ability to inflict the injury as to cause the person against whom it is directed rea-

sonably to fear the injury, unless she or he retreat to secure her or his safety.—*Chapman v. State*, 78 Ala. 466, 56 Am. Rep. 42; *Kelly v. State*, 1 Ala. App. 135, 56 South. 16; *Lewis v. State*, 35 Ala. 380; 3 Cyc. 1025.

The evidence for the state in this case tended to show that the defendant, while in a buggy driving along a country road, at or near a creek or branch, met the prosecutrix, a girl about 15 years old, walking alone, and suddenly accosted her, telling her to stop and get in the buggy with him. Upon her refusal he said, "By ———, I will show you;" whereupon, before he alighted from the buggy, she ran as rapidly as she could down the road toward the house of the nearest neighbor, which was a considerable distance away, screaming as she went, and being followed by defendant, who ran after her, some distance (it does not definitely appear how far) behind, for about 100 yards, then abandoned the pursuit, without ever touching her. Her screams were heard by a neighbor, who did not find out the trouble until prosecutrix reached him, and who never saw defendant while he pursued her. The evidence further shows that defendant fled from that section before he was arrested.

Formerly in this state it was a felony, punishable by death, for a slave to "attempt to commit rape on a white woman." In the construction of this statute, in the case of *Lewis v. State, supra,* wherein the facts were identical in substance and character with those here, Judge Stone, speaking for the court, said: "An attempt to commit a rape * * * may be complete, * * * and yet no assault be actually committed. * * *. We are unwilling to lay down a rule, applicable to all cases, for determining when attempts have proceeded so far as to be within the punitive provisions of the law. Much must depend on the nature of the act attempted. We

hold that if the defendant slave actually intended and attempted carnally to know the prosecutrix by violence and against her consent, and prosecuted his purpose so far as to put her in terror and render flight necessary to escape from his wicked attempt, then he was guilty of an attempt to commit a rape, within the meaning of the statute. To justify his conviction, however, the jury must be satisfied, beyond a reasonable doubt, that such was his purpose, and that his attempt had this intent. An indecent advance or importunity, however revolting, would not constitute the offense. * * * We deem it unnecessary to announce any opinion on the charges asked and refused, further than to say, if the attempt was in fact made, and had progressed far enough to put prosecutrix in terror and render it necessary for her to save herself from the consummation of the attempted outrage by flight, then the attempt was complete; and an after-abandonment by the defendant of his wicked purpose, if it had proceeded thus far, could not purge the crime." For further cases distinguishing "attempt to commit rape" from "assault with intent to rape," see *Fox v State,* 34 Ohio St..377; *People v. Gardner,* 98 Cal. 127, 32 Pac. 880; *Melton v. State,* 24 Tex. App. 284, 6 S. W. 39.

S'ection 7315 of the Code provides that a "defendant may also be found guilty of any offense which is necessarily included in that with which he is charged." Section 6311 of the Code provides that under an indictment charging any offense a defendant may be convicted of an attempt to commit such offense, if the evidence warrants. Hence there was ample authority to justify the oral charge of the court, to the effect that if the jury had a reasonable doubt as to whether the defendant was guilty of an assault with intent to rape, but did believe beyond a reasonable doubt that he was guilty of an at-

tempt to commit an assault with intent to rape, they might find him guilty of the latter charge, the meaning of which charge we have hereinbefore interpreted.—See, also, *White v. State,* 107 Ala. 132, 18 South. 226, and *Hutto v. State,* 169 Ala. 19, 53 South. 809.

Under the authorities in this state the evidence was sufficient to warrant the court in submitting to the jury the question as to whether or not there was on the part of defendant an intent to rape. If they so believed, then as to whether they should convict him of "an assault with intent to rape," or of "an attempt to commit an assault with intent to rape," which, as before pointed out, means an attempt to rape which has not proceeded far enough to amount to an assault, would depend, it seems under the decisions in this state, on the fact as to whether or not the defendant ever got near enough to his intended victim to have been able to lay his hands upon her. In *Kelly v. State,* 1 Ala. App. 135, 56 South. 15, wherein the facts were similar to those here, the defendant, in pursuing prosecutrix, got within two feet of her, and the court sustained a conviction of an assault with intent to rape. In *Lewis v. State,* 35 Ala. 380, wherein the facts were also similar to those here, the defendant, in pursuing his intended victim, never got nearer to her than 10 feet, and the court sustained a conviction of an attempt to rape. From the evidence in this case it does not appear to us how near defendant got to prosecutrix; hence we are unable to say that the court erred in not giving the charges instructing the jury that they must acquit of an assault with intent to rape. Besides, if the refusal to give the charges relating to an assault with intent to rape was error, it was error without injury, because defendant was convicted of a lesser offense.

And while it is true that before the jury could convict of either offense they must believe beyond a reasonable doubt that the intention of defendant was to have sexual intercourse with prosecutrix by force or by putting her in fear, and against her will and without her consent, yet, even without such specific intention, he could be convicted of a simple assault, provided the defendant was ever near enough to prosecutrix to lay his hands upon her, and attempted to do so without her consent, and was prevented from doing so by her flight. Whether he was that near or not, we are unable to say from the record, since from the bill of exceptions it appears that prosecutrix did not state in terms how near he got to her or was to her, but merely illustrated it by saying: "I was right there at him when he spoke to me, as close to him as right there"—indicating, we infer from the bill of exceptions, by pointing to some object in the court house. How far it was from her, we are unable to say; hence we are unable to say that the court erred in refusing charge 8, which, while correct in other particulars, ignored the question of simple assault.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.