(84 South. 743)

CORKRAN v. STATE. (6 Div. 951.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. CRIMINAL LAW ⊂⇒27—ATTEMPT TO COMMIT EITHER A MISDEMEANOR OR A FELONY IS A MISDEMEANOR.

As a general rule, an attempt to commit a crime is a misdemeanor, whether the crime attempted is a felony or misdemeanor, and whether the offense is at common law or under the statute.

2. INTOXICATING LIQUORS ⊂⇒137 — ATTEMPT TO MANUFACTURE LIQUOR IS AN OFFENSE.

An attempt to commit offense of illegally manufacturing whisky constitutes an offense.

3. INTOXICATING LIQUORS ⊂⇒137 — STATUTE AUTHORIZES CONVICTION FOR ATTEMPTING TO VIOLATE PROHIBITION LAW.

Under Code 1907, §§ 6311, 7315, a conviction for an attempt to illegally manufacture whisky is authorized.

4. INTOXICATING LIQUORS ⊂⇒242 — STATUTE HELD TO PROVIDE PUNISHMENT FOR ATTEMPTING TO VIOLATE PROHIBITION LAWS.

Code 1907, § 7622, provides a punishment for an attempt to illegally manufacture whisky if such punishment is not particularly specified in the Code.

Certiorari to Court of Appeals.

Victor Corkran was convicted of an offense, on appeal the judgment was reversed by the Court of Appeals (82 South. 560), and J. Q. Smith, Attorney General on behalf of the state, petitions for certiorari to the Court of Appeals to review and revise such judgment. Writ awarded.

J. Q. Smith, Atty. Gen., and Horace C. Wilkinson, Asst. Atty. Gen., for the State. In following Mixon's Case, 14 Ala. App. 11, 70 South. 949, the Court of Appeals committed error, since that case is unsigned and should be overruled. 149 Mass. 229, 21 N. E. 377, 3 L. R. A. 747, 14 Am. St. Rep. 414; section 6471, Code 1907; 58 Ala. 611; 128 Ala. 1, 29 South. 553; 7 C. & P. 796; 140 Kent. 684; 22 Pict. 476.

E. B. & K. V. Fite and C. E. Mitchell, all of Hamilton, for appellee. No brief reached the Reporter.

ANDERSON, C. J. [1, 2] "An attempt to commit a misdemeanor is a misdemeanor, whether the offense is created by statute, or was an offense at common law. These were the words of Baron Parke in the case of Rex v. Roderick, 7 Car. & P. 795, delivered in the year 1837. They have been adopted by the compilers on criminal law. 1 Russell on Crimes, 46; Archibald's Criminal Pleadings and Evidence, 19; Wharton's Criminal Law, 79–873." Smith v. Commonwealth, 54 Pa. 209, 93 Am. Dec. 686. "A mere unsuccessful attempt to commit a substantive crime being ordinarily indictable at the common law, such punishable attempts increase with the statutes creating new crimes." Bishop on Statutory Crimes, § 138. "As a general rule, an attempt to commit a crime is a misdemeanor, whether the crime attempted is a felony or misdemeanor, and whether an offense at common law or under the statute." 16 Corpus Juris, § 90, p. 111, and many cases cited in note 91, including Bradford v. State, 146 Ala. 150, 41 South. 471; Berdeaux v. Davis, 58 Ala. 611; Burton v. State, 8 Ala. App. 295, 62 South. 394. It is true that the compiler of the foregoing citation of Corpus Juris states that it has been held that "an attempt to commit a misdemeanor which is purely statutory, and not malum in se, is not indictable as a separate misdemeanor, unless made so by statute," and cites a few cases in note 92, and which said exception was followed by the Court of Appeals in the instant case; but we think that the great weight of authority adheres to the general rule as above set forth, including our own court, without, perhaps, at the time passing upon an attempt to commit a statutory misdemeanor not malum in se. The holding of the Court of Appeals in the case at bar, to the effect that an attempt to commit the offense there charged was not an offense, was erroneous, and the case there cited (Mixon v. State, 14 Ala. App. 11, 70 South. 949) is also unsound.

[3, 4] Sections 6311 and 7315 of the Code of 1907 authorize a conviction for attempts under indictments charging the offense. Hutto v. State, 169 Ala. 19, 53 South. 809. And section 7622 of the Code of 1907 provides for a punishment, if not particularly specified in the Code.

The judgment of the Court of Appeals is reversed, and the case is remanded to said court for further consideration, in conformity with this opinion.

Writ awarded.

All Justices concur, except BROWN, J., not sitting.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes