(112 So. 177)

### ALLEN v. STATE.  (8 Div. 462.)

Court of Appeals of Alabama.  March 22, 1927.

Rehearing Denied April 12, 1927.

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  The indictment charged the defendant (appellant) with the offense of "assault with intent to ravish." It was in proper form and substance. Code 1923, §§ 3303, 4556 (form 15). The defendant interposed his plea of "not guilty," and the trial resulted in his conviction by the jury of an "attempt to commit an assault."

It is here insisted that no such an offense as

"an attempt to commit an assault" is known to the law of this state. It is also insisted that the court erred in overruling the objection and motion to exclude a certain portion of the solicitor's argument to the jury. Upon these two propositions this appeal is rested.

As to the first insistence, the offense complained of in the indictment is a substantive offense under the law of this state. Code 1923, § 3303. Included in said charge was also the lesser offenses of assault and battery and assault, and the law is that, when an indictment charges an offense of which there are different degrees the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony or a misdemeanor. Code 1923, § 8697. See, also, section 3307, Code 1923, which provides:

"Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

As stated, the charge in this indictment also charged an assault.

The defendant reserved an exception to the following excerpt from the oral charge of the court, to wit:

"So, gentlemen of the jury, in this case under the evidence I submit it to you whether or not this defendant is guilty of an attempt to commit an assault. .Gentlemen of the jury, if this defendant met this young lady at the time she speaks of, and if then he attempted to assault her, was about to take hold of her person in violence for an improper purpose, and before he did take hold of her, however, for some reason, because she said, 'I will tell on you,' or, 'I will tell my father,' and he did not take hold of her, that would be an attempt to commit an assault."

When the above-quoted portion of the court's oral charge is considered in connection with the whole charge, which was able, fair, and thorough, we discover no error which would justify this court in the reversal of the judgment of conviction appealed from. The charge of the court as a whole was in line with what has been here said and with the quoted statutes, and we do not regard the charge as being in any manner invasive of the substantial rights of the defendant. Nor do we think that the argument of the solicitor, complained of, had this effect, and the exception reserved in this connection cannot be sustained.

In 6 Corpus Juris, p. 547 et seq., an "attempt" is defined:

"An act tending toward the accomplishment of a purpose which exceeds a mere intent or design, but falls short of an execution of it; * * * a direct movement toward; an effort; an actual effort to consummate the intent or purpose; * * * a movement toward accomplishment; an endeavor to do an act carried beyond mere preparation, but falling short of execution; the exercise of physical force directed to some definite end; a frustrated effort to execute some intended act; an intent to do a thing combined with an act which falls short of the thing intended; a remote effort or indirect measure taken with intent to effect an object; something done toward the accomplishment of a conceived purpose without success; that, which if not prevented, would have resulted in the full consummation of the act attempted," etc.

Several of the above definitions are applicable to the facts in this case, and are in line with the charge of the court to the jury.

The record proper appears regular in all respects, and, as no error appears in any ruling of the court, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

### On Rehearing.

The order of affirmance of the judgment of conviction was handed down by this court on March 22, 1927. On April 4, 1927, counsel for appellant filed an application for rehearing. We are now officially informed that this appellant has escaped from the custody of the law and has not been apprehended; that he is at present a fugitive from justice. This application for rehearing is therefore stricken, and dismissed from the dockets of this court, as a fugitive from justice or a person who voluntarily evades the process of the law has no standing in the courts of the land, and no petition, motion, or other endeavor in his behalf can or will be considered under the status here shown.

Application for rehearing dismissed.