25 So.2d 54

## MORRIS v. STATE.

### 7 Div. 848.

Court of Appeals of Alabama.
Feb. 19, 1946.

C. W. McKay, of Ashland, for appellant.

Wm. N. McQueen, Atty. Gen., and Geo. C. Wallace, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant was indicted for the offense of assault with intent to ravish. He was found guilty of "attempt to commit an assault with intent to ravish" and the jury assessed a fine against him of $500, to which the trial judge imposed an additional sentence of six months hard labor, and judgment was pronounced pursuant thereto. From such verdict and judgment and sentence appellant prosecutes this appeal.

In the early afternoon on December 1, 1944, appellant was noticed by two boys at the home of Mr. and Mrs. Edwards in Talladega. One of the boys stated the appellant was attempting to enter a window in the Edwards' home when first seen. Appellant advanced towards the boys mumbling something they could not understand. One of the boys observed a knife in his hand, the other saw "something" in appellant's hand. These two boys went on their way. Both had observed Mrs. Annie Pearl Breedlove following them in the highway going in the same direction that they were.

When Mrs. Breedlove reached the vicinity of the Edwards home appellant began mumbling and making motions toward his private organ. He was then about ten feet from her, but began advancing toward her. She "talked to him and tried to get him to stop and go back." He got to within five feet of Mrs. Breedlove and followed her about fifty feet when Mr. Edwards, an invalid who could hardly move, began yelling at appellant. Mrs. Breedlove continued on down the highway and was. not pursued further by appellant.

The State also introduced as witnesses the two policemen who arrested appellant near the Edwards home shortly after the above occurrence. They testified that appellant fought them strenuously when they attempted to arrest him, made unintelligible remarks about white women on the way to jail, and one of them stated that appellant's reputation was bad.

■ Appellant was not represented by counsel at the trial below. No exceptions to any of the above testimony appears in the record. Appellant was represented by counsel in perfecting his appeal. No attack is made on the admission of the above testimony in the motion for a new trial, nor is the point argued in appellant's brief. The trial court had jurisdiction of the subject matter and of the person. The verdict responded to the indictment. The verdict of guilty and sentence thereon is not void. Review here is limited to those matters upon which the action or ruling at nisi prius was invoked. Woodson v. State, 170 Ala. 87, 54 So. 191. The testimony of the two policemen, which should not have been admitted by the trial court under the circumstances, is entirely superfluous so far as proof of appellant's guilt of the offense of which he was found guilty. Abundant legal evidence otherwise established his guilt, and in light of such abundant legal evidence establishing appellant's guilt its harmful effect is speculative. Regardless, under the doctrine of the Woodson case, supra, there is nothing on this point for this court to review.

The trial judge instructed the jury that the appellant could not be found guilty of assault with intent to ravish under the evidence submitted, but that included in such charge was the lesser offense of "an attempt to commit an assault with intent to ravish." The verdict of the jury was in such words.

The fourth ground of appellant's motion for a new trial sets forth that "no offense is charged in said verdict, and no sentence could lawfully be pronounced against him by virtue of same."

Section 42 of Title 14 provides: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

■ This Statute in itself would be sufficient to sustain this verdict. However the case of Burton v. State, 8 Ala.App. 295, 62 So. 394, specifically approved such a verdict in a case similar to the one now under consideration. Therein it is pointed out that an "attempt to commit rape" is a misdemeanor at common law, and also under the laws of this State. Of course under our Statutes criminal attempts are mis-

demeanors. However, Section 38, Title 14, Code of 1940, and its precursors, creates and makes a felony an "assault with the intent to commit rape." The elements essential to such offense are included in the common law misdemeanor of an attempt to commit rape. "Assault with intent to commit rape" means an attempt to commit rape which has not proceeded far enough to amount to an assault. Under the decisions in this State the fact as to whether the defendant ever got near enough his intended victim to be able to lay hands on her determines whether he is guilty of an "assault with intent to commit rape," or of an "attempt to commit an assault with intent to commit rape."

■■ Before a defendant can be convicted of either an assault with intent to rape, or of an attempt to commit an assault with intent to rape, the jury must find that he intended to have illegal sexual intercourse with the woman assaulted by force or fear, and against her consent. Burton v. State, supra; Gilbert v. State, 28 Ala.App. 206, 180 So. 306. The evidence being substantial, this question must be left to the decision of the jury. Gilbert v. State, supra. In our opinion the evidence submitted in this case tending to prove the offense of which appellant was convicted was substantial, and the court properly submitted the case for decision by a jury.

Affirmed.