63 So.2d 388

**McQUIRTER v. STATE.**

3 Div. 947.

Court of Appeals of Alabama.

Feb. 17, 1953.

Windell C. Owens, Monroeville, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant, a Negro man, was found guilty of an attempt to commit an assault with intent to rape, under an indictment charging an assault with intent to rape. The jury assessed a fine of $500.

About 8:00 o'clock on the night of June 29, 1951, Mrs. Ted Allen, a white woman, with her two children and a neighbor's little girl, were drinking Coca-Cola at the "Tiny Diner" in Atmore. When they started in the direction of Mrs. Allen's home she noticed appellant sitting in the cab of a parked truck. As she passed the truck appellant said something unintelligible, opened the truck door and placed his foot on the running board.

Mrs. Allen testified appellant followed her down the street and when she reached Suell Lufkin's house she stopped. As she turned into the Lufkin house appellant was within two or three feet of her. She waited ten minutes for appellant to pass. When she proceeded on her way, appellant came toward her from behind a telephone pole. She told the children to run to Mr. Simmons' house and tell him to come and meet her. When appellant saw Mr. Simmons he turned and went back down the street to the intersection and leaned on a stop sign just across the street from Mrs. Allen's home. Mrs. Allen watched him at the sign from Mr. Simmons' porch for about thirty minutes, after which time he came back down the street and appellant went on home.

Mrs. Allen's testimony was corroborated by that of her young daughter. The daughter testified the appellant was within six feet of her mother as she approached the Lufkin house, and this witness said there was a while when she didn't see appellant at the intersection.

Mr. Lewis Simmons testified when the little girls ran up on his porch and said a Negro was after them, witness walked up the sidewalk to meet Mrs. Allen and saw appellant. Appellant went on down the street and stopped in front of Mrs. Allen's home and waited there approximately thirty minutes.

Mr. Clarence Bryars, a policeman in Atmore, testified that appellant stated after his arrest that he came to Atmore with the intention of getting him a white woman that night.

Mr. W. E. Strickland, Chief of Police of Atmore, testified that appellant stated in the Atmore jail he didn't know what was the matter with him; that he was drinking a little; that he and his partner had been to Pensacola; that his partner went to the "Front" to see a colored woman; that he didn't have any money and he sat in the truck and made up his mind he was going to get the first woman that came by and that this was the first woman that came by. He said he got out of the truck, came around the gas tank and watched the lady and when she started off he started off behind her; that he was going to carry her in the cotton patch and if she hollered he was going to kill her. He testified appellant made the same statement in the Brewton jail.

Mr. Norvelle Seals, Chief Deputy Sheriff, corroborated Mr. Strickland's testimony as to the statement by appellant at the Brewton jail.

Appellant, as a witness in his own behalf, testified he and Bill Page, another Negro, carried a load of junk-iron from Monroeville to Pensacola; on their way back to Monroeville they stopped in Atmore. They parked the truck near the "Tiny Diner" and rode to the "Front," the colored section, in a cab. Appellant came back to the truck around 8:00 o'clock and sat in the truck cab for about thirty minutes. He decided to go back to the "Front" to look for Bill Page. As he started up the street he saw prosecutrix and her children. He turned around and waited until he decided they had gone, then he walked up the street toward the "Front." When he reached the intersection at the telegraph pole he decided he didn't want to go to the "Front" and sat around there a few minutes, then went on to the "Front" and stayed about 25 or 30 minutes, and came back to the truck.

He denied that he followed Mrs. Allen or made any gesture toward molesting her or the children. He denied making the statements testified to by the officers.

He testified he had never been arrested before and introduced testimony by two residents of Monroeville as to his good reputation for peace and quiet and for truth and veracity.

Appellant insists the trial court erred in refusing the general affirmative charge and in denying the motion for a new trial on the ground the verdict was contrary to the evidence.

■ " 'An attempt to commit an assault with intent to rape,' * * * means an attempt to rape which has not proceeded far enough to amount to an assault". Burton v. State, 8 Ala.App. 295, 62 So. 394, 396.

■ Under the authorities in this state, to justify a conviction for an attempt to commit an assault with intent to rape the jury must be satisfied beyond a reasonable doubt that defendant intended to have sexual intercourse with prosecutrix against her will, by force or by putting her in fear. Morris v. State, 32 Ala.App. 278, 25 So.2d 54; Burton v. State, 8 Ala.App. 295, 62 So. 394.

■ Intent is a question to be determined by the jury from the facts and circumstances adduced on the trial, and if there is evidence from which it may be inferred that at the time of the attempt defendant intended to gratify his lustful desires against the resistance of the female a jury question is presented. McCluskey v. State, 35 Ala.App. 456, 48 So.2d 68.

■ In determining the question of intention the jury may consider social conditions and customs founded upon racial differences, such as that the prosecutrix was a white woman and defendant was a Negro man. Pumphrey v. State, 156 Ala. 103, 47 So. 156; Kelly v. State, 1 Ala.App. 133, 56 So. 15.

■ After considering the evidence in this case we are of the opinion it was sufficient to warrant the submission of the question of defendant's guilt to the jury, and was ample to sustain the judgment of conviction.

■ Defense counsel contends in brief that the testimony of the officers as to defendant's declarations of intent was inadmissible because no attempt or overt act toward carrying that intent into effect had been proven.

Defendant's grounds of objection to this evidence were that it was "irrelevant, incompetent and immaterial." Proper predicates were laid for the introduction of each of said statements. In the absence of a ground of objection calling the court's attention to the fact that the corpus delicti has not been sufficiently proven to authorize admission of a confession such question cannot be reviewed here. Edgil v. State, ante, p. 379, 56 So.2d 677 and authorities there cited.

■ Moreover, if any facts are proven from which the jury may reasonably infer that the crime has been committed proof of the confession is rendered admissible. Rutland v. State, 31 Ala.App. 43, 11 So.2d 768; Ratliff v. State, 212 Ala. 410, 102 So. 621; Hill v. State, 207 Ala. 444, 93 So. 460.

We find no reversible error in the record and the judgment of the trial court is affirmed.

Affirmed.