70 So.2d 811

## MILLER v. STATE.

### 8 Div. 430.

Court of Appeals of Alabama.

Feb. 16, 1954.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

Kennedy Williams, Russellville, for appellant.

CARR, Presiding Judge.

The prosecution in this case was instituted in the Law and Equity Court of Franklin County, Alabama. The affidavit charges in "Count One" an assault and in "Count Two" an attempt to assault. The trial resulted in a conviction for an attempt to assault, and the jury imposed a fine of one cent. The trial judge added an additional sentence of six months hard labor. Local Acts 1923, Act 404, Sec. 21, p. 277.

Title 14, Sec. 42, Code 1940 provides:

■ "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

In the case of Corkran v. State, 203 Ala. 513, 84 So. 743, our Supreme Court quoted the following from Rex v. Roderick, 7 Car. & P. 795: " 'An attempt to commit a misdemeanor is a misdemeanor, whether the offense is created by statute, or was an offense at common law.' "

In the case of Allen v. State, 22 Ala.App. 74, 112 So. 177, the indictment charged the offense of assault with intent to ravish. The jury returned a verdict of guilty of an attempt to commit an assault. The court sustained the judgment of conviction.

It seems settled, therefore, that the offense of an attempt to commit a misdemeanor is known to the law. White v. State, 107 Ala. 132, 18 So. 226; Burton v. State, 8 Ala.App. 295, 62 So. 394.

The pertinent facts are as follows:

■ Two officers secreted themselves in some bushes about seventy-five yards from the residence of the defendant. There is some evidence from which the jury could infer that the accused became aware of the presence of the officers. The defendant went into his home and got a 22-gauge rifle, and, standing just outside the building, fired a number of times in the direction of the hiding place of the officers. Several of the bullets came very close to the two men.

The appellant admitted that he fired the shots, but claimed that his daughter told him that a fox ran into the bushes and the reason for the shooting was to scare the animal.

We said in Broadhead v. State, 24 Ala. App. 576, 139 So. 115, 117, that "An attempt to commit a crime consists of three elements: (1) The intent to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission."

See also, 6 Ala.Digest, Criminal Law, ⊙═ 44.

Appellant's attorney urges that the essential element of intent is not established by the proof. This argument is based on the assertion that "The evidence in this case clearly shows that the Defendant did not know that the two deputy officers were anywhere around when he fired his gun."

This is only one aspect of the proof. According to the State's evidence the officers stood up, moved about, and did some talking just prior to the time of the shooting. The jury was authorized from this evidence to find that the defendant knew the men were in hiding and that his claim that he was shooting at a fox was not based on fact. It was the province of the jury to determine the matter of intent.

■ The insistence is made also that under the evidence the offense was an assault or no crime.

In some cases our appellate courts have held in effect that when the evidence establishes without question that the charged offense is complete and consummated or that no crime has been committed, the jury is not warranted in returning a verdict of guilty of the lesser offense of an attempt. Two of these cases are Brazier v. State, 25 Ala.App. 422, 147 So. 688, and De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130.

We think that these authorities pronounce sound and logical doctrines.

In the case at bar the factual issues do not give rise to the application of the rule stated in these cases.

The appellant was shooting a 22-caliber rifle at a distance of about seventy-five yards. The gun was introduced in evidence and subject to examination and inspection by the jury.

Under all the circumstances the jury was authorized to conclude that there was an intent to commit an assault; that there was

a performance of the act toward its commission, but there was a failure in its consummation.

Appellant's attorney urges us to reverse the judgment below because the judge imposed the additional hard labor sentence. This was authorized by statute, and its imposition addressed itself to the discretion of the trial judge. If the sentence does not exceed the authority given by law, we have no right to disturb it. Dunn v. State, 8 Ala. App. 382, 62 So. 379; Wood v. State, 28 Ala.App. 464, 187 So. 250.

We do not find any reversible error presented by this record.

The judgment below is ordered affirmed.

Affirmed.