JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Houston County returned an indictment against the appellant, Jimmy Ard, charging that he did sell, furnish, or give away marijuana, a controlled substance. The appellant entered a plea of not guilty. A jury found appellant guilty as charged. The trial court duly sentenced the appellant to 4 years in the penitentiary, and he appeals to this Court.
This appeal was submitted on briefs. The appellant was represented by counsel of his choice at all proceedings in the trial court, and is so represented in this Court.
Appellant states in his brief three reasons why his conviction should be reversed; first, the trial court’s action in denying appellant’s motion to exclude state’s evidence; second, in refusing to give the general affirmative charge for the appellant; third, in refusing to charge the jury as to the offense of an attempt to commit the crime charged.
*793 State’s evidence tended to prove that on July 14,1977 at about 6:15 o’clock, P.M. the appellant went to the county jail and delivered through the bars of a back door of the county jail four packages of cigarettes wrapped together with tape to an inmate with a request that he give the package to another inmate who had been a cell mate of appellant’s for a short period of time immediately before July 14, 1977; that the prisoner who received the packages delivered them to the jail warden; that the packages had concealed in them 2.58 grams of marijuana, a controlled substance; that the former cell mate of the appellant did not receive the packages.
At the conclusion of state’s evidence the appellant made a motion to exclude all of state’s evidence because it did not make out a prima facie case; that the state did not prove a completed transaction. Appellant’s motion was overruled.
The appellant’s evidence tended to prove that he was released from the county jail at about five o’clock, P.M. on July 14, 1977; that he went from the jail to Snook’s Pool Room; collected some money owed to appellant, and as he was leaving the pool room a stranger asked him if appellant knew appellant’s former cell mate, and asked appellant to deliver four packages of cigarettes to his former cell mate, which appellant agreed to do; that appellant did not know and had no knowledge that the packages of cigarettes had concealed in them marijuana; that appellant took the cigarettes to the back door of the county jail and handed them through the bars of the door to an inmate and requested him to deliver the cigarettes to appellant’s former cell mate; that appellant has not been able to locate the man who handed him the cigarettes or anyone who knew him.
The appellant requested in writing the general affirmative charge which was refused. The appellant requested written charges on the law of an attempt to violate the Alabama Uniform Controlled Substances Act, which were refused.
The indictment in this case charges that the appellant, “did sell, furnish, or give away marijuana, a controlled substance.” The undisputed evidence in this record both by state witnesses and by the appellant is that appellant passed four packages of cigarettes through the bars of a back door of the jail to an inmate requesting that they be delivered to his former cell mate. The state’s evidence further furnished proof that the packages of cigarettes contained marijuana, a controlled substance. This left the question of intent for the jury to decide. We hold that the evidence in the record fully sustains the jury’s verdict, therefore the court did not err in overruling appellant’s motion to exclude state’s evidence. Code of Alabama, 1975, Title 20-2-70(a) and 20-2-23(3) j.
Appellant argues that the indictment in this case includes the offense of an attempt to sell, furnish, or give away marijuana, therefore the trial court erred in refusing to charge the jury at appellant’s written request on the offense of an attempt to sell, furnish, or give away marijuana. In an indictment for violating the Alabama Uniform Controlled Substances Act it is not necessary to state the name of the donee or vendee of the drug. It is not necessary in this case that proof be made by the state as to whom the drug was given. The state must prove that the drug was unlawfully and intentionally given to a person. Adkins v. State, 291 Ala. 695, 287 So.2d 451; Jenkins v. State, 51 Ala.App. 521, 287 So.2d 233.
An attempt to commit a crime consists of three elements: First, the intent to commit the crime; second, the performance of some overt act towards the committing of the crime; and, third, the failure to consummate the crime. Miles v. State, 58 Ala. 390; Cochran v. State, 42 Ala.App. 144, 155 So.2d 530; Miller v. State, 37 Ala.App. 470, 70 So.2d 811; Tharpe v. State, 23 Ala.App. 193, 122 So. 698; Code of Alabama, 1975, Title 13-9-3.
We do not agree with the appellant that the trial court erred in refusing to charge the jury on the offense of an attempt to violate the Alabama Uniform Con *794 trolled Substances Act. It is true that the offense of an attempt to violate the Alabama Uniform Controlled Substances Act is included in the indictment, but under the law there are two requirements to sustain a conviction of a person for a violation of our criminal laws; one, the pleadings must charge a violation; and second, the evidence must prove a violation. Under the facts in this record and all reasonable inferences to be drawn from them, the appellant could not have been found guilty of an attempt to violate the Alabama Uniform Controlled Substances Act. There is no evidence from which an inference can be drawn that the appellant attempted to give away the marijuana, but failed. Miles v. State, supra; Cochran v. State, supra; Miller v. State, supra; Tharpe v. State, supra; Code of Alabama 1975, T. 13-9-3.
We hold that under the pleadings, and proof in this record, the trial court did not err in refusing to charge the jury on the law of an attempt to violate the Alabama Uniform Controlled Substances Act.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.