The appellant was indicted for bribery, convicted of an attempt to commit that offense, and fined $500.
The indictment, in pertinent part, was as follows:
 "COUNT I: The Grand Jury of said County charge that, before the finding of this indictment, Thomas J. Reed, alias Tom Reed, and Ronald Williams, alias Ron Williams, did directly or indirectly, wilfully and corruptly offer or promise a thing of value or personal advantage, to-wit: employment as attorney for the proposed Macon County Racing Commission at an annual salary of, to-wit: from $20,000 to $50,000 per year, such Macon County Racing Commission to have been created and established by House Bill 247 of the 1975 Regular Session of the Alabama Legislature, to a member of the Legislature of the State of Alabama, to-wit: Thornton Dudley Perry, State Senator for the 23rd Senatorial District of Alabama during the 1975 Regular Session of the Alabama Legislature, such offer or promise being made to influence the said Perry in the performance of his public or official duties, to-wit: to obtain the act, vote, opinion, decision or judgment of the said Perry as State Senator in support of the said House Bill 247 in the Senate of Alabama during the 1975 Regular Session of the Alabama Legislature, against the peace and dignity of the State of Alabama,
 "COUNT II: The Grand Jury of said County further charge that, before the finding of this indictment, Thomas J. Reed, alias Tom Reed, and Ronald Williams, alias Ron Williams, did, directly or indirectly, wilfully and corruptly offer or promise to a member of the Legislature of the State of Alabama, to-wit: Thornton Dudley Perry, State Senator for the 23rd Senatorial District of Alabama during the 1975 Regular Session of the Alabama Legislature, a thing of value or personal advantage, to-wit: that the said Reed would approve, support or vote for proposed amendments to House Bill 247 of the 1975 Regular Session of the Alabama Legislature, which House Bill 247 would have created and established the Macon County Racing Commission and which House Bill 247 with the proposed amendments would provide that the said Reed and the said Perry would each appoint two of the proposed five members of the said Commission, and that the said Reed would then appoint the said Williams as one of the members of the said Commission, and that the said Williams *Page 874 
would then approve, support or vote for the employment of the said Perry by the said Commission as attorney for the said Commission at an annual salary of, to-wit: from $20,000 to $50,000 per year, such offer or promise being made to influence the said Perry in the performance of his public or official duties, to-wit: to obtain the act, vote, opinion, decision or judgment of the said Perry as State Senator in support of the said House Bill 247 in the Senate of Alabama during the 1975 Regular Session of the Alabama Legislature, against the peace and dignity of the State of Alabama."
The offense charged is spelled out in Title 14, § 73, Code of Ala. 1940:
 "Any person who shall, directly or indirectly, offer, give, or promise any money, or thing of value, testimonial, privilege, or personal advantage, to any executive or judicial officer or member of the legislature to influence him in the performance of any of his public or official duties, shall be guilty of bribery, and, upon conviction, shall be punished by imprisonment in the penitentiary for not less than two nor more than ten years."
The issue in this case has been concisely stated in the appellant's reply brief:
 "There is one and only one basic issue raised by this appeal and that issue must not be clouded or confused by such issues as the admissibility of a co-defendant's statement, of venue, of the trial court's discretion in setting a trial docket, and so forth as argued at such length in the State's brief.
 "The issue here is simply whether the crime of bribery as defined and punished in the Alabama Constitution and the Alabama laws includes an `attempt to bribe,' punishable by imprisonment. Since offers or promises to give a thing of value are attempts in themselves to give a bribe, there is no basis in law or in logic for a conviction of an `attempt to attempt to bribe.'"
Without elaborating on the testimony of each witness, it is sufficient to observe that ample evidence was submitted by the State which, if believed by the jury, would have supported a conviction for bribery as defined in Title 14, § 73, supra. That is, the appellant offered or promised a thing of value or personal advantage to a member of the legislature to influence him in the performance of his public or official duty. The evidence was conflicting, and the jury obviously was not convinced that the crime of bribery had actually been consummated, only that an attempt to do so had occurred.
It has long been held that conflicting evidence presents a jury question not subject to review provided the State's evidence establishes a prima facie case. The weight to be given such evidence and the credibility of the witnesses are likewise questions reserved for the jury. Higginbotham v. State, Ala.Cr.App., 346 So.2d 525 (1977); May v. State, Ala.Cr.App.,335 So.2d 242 (1976).
The appellant contends that he could not be found guilty of an attempt under the provisions of Title 15, § 323, Code of Ala. 1940 [§ 15-17-1, Code of Ala. 1975] because that statute applies only to crimes of which there are several degrees. To such contention, we merely point out that Title 14, § 42, Code of Ala. 1940 [§ 13-9-3, Code of Ala. 1975], authorizes a jury to return a verdict of guilty of an attempt, to-wit:
 "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."
As the State's evidence was sufficient to support a conviction for the offense charged in the indictment, we are now only concerned with the legal question of whether an attempt to commit that offense amounts to "an attempt to attempt" to violate that statute as contended by appellant.
An attempt to commit an offense consists of three elements: (1) the intent to commit the crime; (2) the performance of some overt act toward committing the crime; and (3) the failure to consummate *Page 875 
the crime. Ard v. State, Ala.Cr.App., 358 So.2d 792, cert. denied, Ala., 358 So.2d 794 (1978).
In determining whether the overt act of a defendant falls short of actual consummation of an offense, the jury may believe part of the evidence of a witness and reject part. This is true unless all the evidence presented shows the consummation of the offense without any evidence to support a jury finding that the crime had not been completed. Cochran v.State, 42 Ala. App. 144, 155 So.2d 530, cert. denied, 275 Ala. 693, 155 So.2d 533 (1963). In the instant case where the evidence was conflicting as to whether or not an offense had been committed, the jury had sufficient leeway to find that the appellant intended to offer, promise, or give Senator Perry a thing of value, that he made an overt act toward doing so, but fell short of the intended illegal goal. The question remaining is whether such a finding by the jury would be legally permissible within the construction of the Constitution and statutes of this state dealing with bribery.
The wording of the bribery statute in question makes it a felony for a person to "offer" or "promise" a thing of value or personal advantage to a legislator to influence his performance of an official duty. Although the heading, title, or catchline of § 73, supra, is entitled "Bribing, or attempting to bribe executive, judicial, or legislative officer," such phrase is merely a descriptive heading or catchline preceding the actual text of the law and is not considered a part of the law itself. This distinction between descriptive headings and law is now codified in § 1-1-14, Code of Ala. 1975. Thus, the statute defines bribery not only as actually giving a thing of value, but offering or promising to do so. Thus, by finding the appellant guilty of an attempt, the jury has found him guilty of attempting to commit the offense of bribery, not attempting to attempt to commit bribery.
The appellant's interpretation of the statute would appear that bribery is the giving of the thing of value, therefore, an offer or a promise to give a thing of value would be an attempt to bribe. Our statute is not worded in that light. Here, when the jury found him guilty of an attempt to bribe, they in effect found that he attempted to, directly or indirectly, offer, give, or promise a thing of value or personal advantage to Senator Perry. This, according to Title 14, § 42, supra, the jury had a legal right to do.
An attempt to commit a felony or a misdemeanor is punishable as a misdemeanor, and this was so at common law. Corkran v.State, 203 Ala. 513, 84 So. 743 (1919); Morris v. State,32 Ala. App. 278, 25 So.2d 54 (1946); Mote v. State, 17 Ala. App. 526,87 So. 628 (1920); Burton v. State, 8 Ala. App. 295,62 So. 394 (1913); 22 C.J.S. Criminal Law § 74.
Pursuant to Title 15, § 327, Code of Ala. 1940 [§ 15-18-3, Code of Ala. 1975], a person convicted of committing a misdemeanor at common law or by statute, where the punishment is not specifically stated, shall be fined not more than $500 and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months. In the instant case, the appellant was found guilty of a misdemeanor pursuant to statute (also recognized at common law) and was fined $500 without the imposition of imprisonment in the county jail. We find the verdict and judgment to be in accordance with the law.
AFFIRMED.
All the Judges concur. *Page 876