BOWEN, Presiding Judge.
Donnie Lee was convicted of attempted assault in the first degree and sentenced to ten years’ imprisonment. Lee raises fifteen issues on this appeal from that conviction.
I
Counsel was appointed to represent Lee at trial. By the time of trial, Lee had been represented by seven different attorneys. After the jury had been selected, Lee elected to represent himself. The trial judge ordered appointed counsel “to observe the proceedings and be available for consultation with Mr. Lee, if he requests it.”
The trial judge personally advised Lee of the dangers of self-representation. The record establishes the fact that Lee knowingly and intelligently waived his right to counsel. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); Ford v. State, 515 So.2d 34, 40-43 (Ala.Cr.App.1986), affirmed, Ex parte Ford, 515 So.2d 48, 50 (Ala.1987), cert. denied, Ford v. Alabama, — U.S. -, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988). A trial court may appoint stand-by counsel to advise a pro se defendant. McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); Ford, 515 So.2d at 43-44.
The record shows that Lee consulted with stand-by counsel on at least eleven occasions during the course of the trial. The record contains no objection to counsel’s presence during the trial. This Court finds no ground for reversal with regard to these matters.
II
The State presented a prima facie case of assault in the first degree.
On December 10, 1985, Lee telephoned Fred Linam at his store in Stockton, Alabama, and told Linam he was going to kill him. Some five minutes later, Lee appeared at the store; repeated the threat; “throwed” a double-barreled shotgun over the cash register; pointed it at Linam’s face; again threatened him and told Linam, “I’ll blow your brains out,” and “I ought to kill you right now.” One of the two hammers on the shotgun was “cocked back.” While Lee and Linam were arguing, Mrs. Linam, who had been hiding in the store, telephoned the sheriff’s office. When information was broadcast over a scanner radio in the store that “the law” was either coming to Stockton or was already there, Lee kept the shotgun pointed at Linam but let the hammer down, backed out of the store and left.
In Alabama, there exists the criminal offense of attempted assault because the statutory definition of assault does not include the attempt. See Stoutmire v. State, 358 So.2d 508, 512-13 (Ala.Cr.App.1978); 6 Am.Jur.2d Assault and Battery § 10 (1963). See also Burton v. State, 8 Ala.App. 295, 300-301, 62 So. 394 (1913) (attempt to commit assault to rape). First degree assault involves intentionally causing serious physical injury to another person by means of a deadly weapon. § 13A-6-20(a)(l), Code of Alabama 1975. “A person is guilty of an attempt to commit a crime if, with thé intent to commit a *804 specific offense, he does any overt act towards the commission of such offense.” § 13A-4-2.
“An attempt is committed if an offender does an overt act toward the commission of the charged offense....” Ex parte James, 468 So.2d 889, 891 (Ala.1984). “To constitute an attempt to commit a crime, the act done with intent to commit the crime must go beyond mere preparation. There must be an overt act, amounting to a step towards the execution of the criminal purpose.” Johnson v. State, 1 Ala.App. 102, 106, 55 So. 321 (1911).
“The pointing of a pistol by one person at another may constitute an assault.” John R. Thompson & Co. v. Vildibill, 211 Ala. 199, 201, 100 So. 139 (1924). By implication, the case of Lawson v. State, 30 Ala. 14, 15 (1857), also supports this principle. There, the court stated, “The drawing of a pistol, without presenting or cocking it, is not the commencement of such an act [of assault].” In White v. State, 107 Ala. 132, 18 So. 226 (1895), the defendant “pulled a pistol from his pocket, which was taken from him by the chief of police....” The court found that “under the evidence the defendant might have been lawfully convicted of an attempt to commit an assault.” White, 18 So. at 226.
Although complete and voluntary abandonment is a defense to the crime of attempt, § 13A-4-2(c), “A renunciation is not voluntary and complete if motivated by a belief that circumstances exist which increase the probability of detection or apprehension of the defendant_” Commentary to § 13A-4-1.
Here, a reasonable interpretation of the evidence is that Lee threatened to kill the victim, pointed a shotgun at him, cocked the weapon, but abandoned his efforts upon learning that law enforcement officers were in the vicinity. We consider this evidence sufficient to authorize the submission of the question of Lee’s guilt or innocence to the jury.
Ill
Lee represents himself on this appeal. We have carefully reviewed each and every issue he has raised and make the following findings.
Lee’s argument that his prior acquittal of criminal solicitation under § 13A-4-1 barred the prosecution for attempted assault under § 13A-4-2 under principles of former jeopardy is without legal merit. A comparison of the two statutes reveals that they are not the same for double jeopardy purposes. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The record does not show that Lee ever requested a mistrial in regard to the prosecutor’s action in eliciting testimony concerning firearms which Lee alleges were illegally seized. On cross-examination, Lee admitted, without objection, that he had been convicted of rape and sodomy in 1985. Lee, through counsel, announced that he had “no exceptions” to the oral charge of the trial judge.
Other issues raised by Lee are equally without merit because they are not supported by the record. Those issues include Lee’s allegations concerning the preliminary hearing, the trial court’s lack of jurisdiction, the requested change of venue, the failure to subpoena defense witnesses, the requested recusal of the district attorney, the prejudicial conduct of the Baldwin County Sheriff’s Department and the elected county officials, and the unconstitutional enhancement of his sentence. The basic substance of the critical allegations concerning each of these arguments is either totally without support in the record on this appeal or, at best, supported only by the unverified, unconfirmed, and unproven assertions of the defendant acting as his own counsel.
Lee’s contention that appointed counsel was ineffective with regard to pretrial matters is refuted by the record.
Appointed appellate counsel has also filed a brief on Lee’s behalf. He raises three issues. We have already decided that it was not an abuse of the trial court’s discretion to allow Lee to represent himself, that the prosecution did present a prima facie case, and that the alleged er *805 rors in the court’s oral charge were not preserved for review.
Lee knowingly and voluntarily elected to represent himself at trial and on appeal. He must now suffer the consequences. For all of the above reasons, the judgment of the court is affirmed.
AFFIRMED.
All Judges concur.